(95 N. W. Rep. 152.)

---

JOHNS v. RUFF.

Opinion filed May 27, 1903.

**Judgment Notwithstanding the Verdict.**

1. Under chapter 63, p. 74, Laws 1901, governing the practice on motions for judgment notwithstanding the verdict, such judgment cannot properly be ordered unless a motion for a directed verdict has been previously made and denied.

**Appellate Court Sustains Only on Grounds Urged Below.**

2. When such a motion has been made and granted in district court on the ground of the insufficiency of the evidence, without a previous motion for a directed verdict, the party making such motion will not, on appeal to this court from the judgment entered in such case, be allowed to sustain such judgment on grounds independent of, and not included in, the motion made in the district court.

**Assignment of Errors in Brief—Dismissal of Appeal.**

3. The absence of proper assignments of error, or the entire absence of such, in the brief, is not ground for the dismissal of an appeal in this court.

**Reviewing Errors Not Assigned—Striking Brief from Files.**

4. This court will refuse, in its discretion, to review errors not assigned, or may permit amendments allowing assignments of error to be incorporated therein upon terms, or may strike the brief from the files, upon motion.

Appeal from District Court, Wells County; *S. L. Glaspell,* J.

Action by John G. Johns against Chris. Ruff. Judgment for plaintiff. Defendant appeals.

Reversed.

*Plinn H. Woodward,* for appellant.

One desiring to challenge the sufficiency of evidence to support a verdict must either—

1. Request that a verdict be directed in his favor, or

2. Except to the charge of the court submitting questions of fact to the jury, or

3. Move for a new trial on the ground of the insufficiency of the evidence.

No other mode of raising the question of the sufficiency of the evidence is provided by law. *Henry* v. *Mayer,* 6 N. D. 143, 71 N. W. Rep. 127. Insufficiency of the evidence to sustain a verdict can only be raised by a specification of wherein it is insufficient. *Colby* v. *Mc-Dermont,* 6 N. D. Rep. 495, 71 N. W. Rep. 772; *Henry* v. *Mayer,* 6 N. D. Rep. 413, 71 N. W. Rep. 127, Rev. Codes, section 5474; *Mooney* v. *Donovan,* 9 N. D. Rep. 93, 81 N. W. Rep. 50. A verdict of a jury, to which neither party has objected, should not be vacated by the court on its own motion, unless there has been such a disregard of instruction on the evidence in the case, that the court is at once satisfied without mature reflection or the aid of argument, that such verdict is the result of passion or prejudice, or was rendered under a misapprehension of the court's instructions, and the order should be promptly made on the coming in and entry of the verdict. *Clement* v. *Barnes,* 8 S. D. Rep. 421, 61 N. W. Rep. 1126; *Gould* v. *Elevator Co.,* 2 N. D. 216, 50 N. W. Rep. 969; *Flugel* v. *Henschel,* 6 N. D. 205, 69 N. W. Rep. 195. If the court erred in not directing a verdict on its own motion and the jury rendered a general verdict, judgment must be entered on the verdict. *Kellogg, Johnson & Co.* v. *Gillman,* 3 N. D. 538, 58 N. W. Rep. 339. Motion at the close of testimony to direct a verdict in his favor, is a condition precedent to the right of a party to move for a judgment notwithstanding the verdict. *Hemstead* v. *Hall,* 66 N. W. Rep. 366; *Netzer* v. *Crookston,* 68 N. W. Rep. 1099; *Sayers* v. *Harris,* 87 N. W. Rep. 617, 11 Enc. Pl. & Pr. 920; *Crane v. Knauf et al.,* 68 N. W. Rep. 79. A party is not entitled to judgment notwithstanding verdict in either trial or appellate court unless he asks for that relief on mo-

·tion for a new trial. *Kerman* v. *St. Paul City Ry. Co.,* 67 N. W. Rep.
71, and 68 N. W. Rep. 1099. Where motion after verdict is exclu-
sively for judgment notwithstanding the verdict, and not in the alter-
native for that remedy or for a new trial, if the party is not entitled
to a judgment as requested, he is not entitled, at least as a matter of
right, to a new trial. *Cruikshank* v. *St. P. F. & M. Ins. Co.,* 77 N.
W. Rep. 958; *Marquardt* v. *Hubner,* 80 N. W. Rep. 617; *Kraatz* v.
*St. Cloud School District,* 81 N. W. Rep. 533; *Bragg* v. *Chicago, M.
& St. P. R. Co.,* 83 N. W. Rep. 511. In case of irregular entry of
judgment, motion is the proper remedy, whether it affects the juris-
·diction or not. *Thomas* v. *Tanner,* 14 How. Pr. 426, 3 Wait's Pr.
668 and 4 Wait's Pr. 637; *Railroad Co.* v. *Murphy,* 19 Minn. 500;
·*Covert* v. *Clark,* 23 Minn. 539. When motion goes to the jurisdiction,
motion will lie a year after the entry of judgment. *Lee* v. *O'Shaugh-
·nessy,* 20 Minn. 173. What may be done, may be undone, by motion
·*Clopton* v. *Clopton,* 88 N. W. Rep. 562, 15 Enc. Pl. & Pr. 356, 14
Enc. Pl. & Pr. 87, 14 Enc. Pl. & Pr. 81, 14 Enc. Pl. & Pr. 76 and 77.
Unless a verdict is objected to, it should not be set aside by the court
·on its own motion, unless done at the incoming of the verdict. *Clem-
·ent* v. *Barnes,* 61 N. W. Rep. 1126; *Gould* v. *Duluth & Dakota Ele-
vator Co.,* 2 N. D. 216, 50 N. W. Rep. 970; *Flugel* v. *Henschel,* 6 N
D. 205, 69 N. W. Rep. 195. Under chapter 63, Laws of 1901, the
verdict cannot be set aside and judgment given notwithstanding the
verdict, unless there was a motion by either party at the close of the
testimony, for a directed verdict in favor of the party making the
motion, and such motion denied. Such motion is a condition prece-
·dent. *Hemstead* v. *Hall,* 66 N. W. Rep. 366; *Netzer* v. *Crookston,* 68
N. W. Rep. 1099; *Sayers* v. *Harris,* 87 N. W. Rep. 617, 11 Enc. Pl.
·& Pr. 920. That there was no sufficient evidence in this case to sus-
tain the verdict, that the jury disregarded, or did not understand
the instructions, were not sufficiently challenged by plaintiff, and
verdict could not be set aside in consequence. *Henry* v. *Maher,* 6 N.
D. 413, 71 N. W. Rep. 127; *Colby* v. *McDermont,* 6 N. D. 495, 71 N.
W. Rep. 772. Where an attorney is employed by a party and that
·attorney hires another, the client believing that the attorney is re-
sponsible for the fees of such associate, is not responsible for the lat-
·ter's fees, although he knew he was performing services. *McCarthy*
v. *Crump,* 67 Pac. Rep. 343. Paying one associate counsel does not
·estop denying the fees of another. *Evans* v. *Moher,* 153 Ill. 561, 42
Ill. App. 255, 3 Am. & Eng. Enc. of Law 441. The burden is on

the attorney employed as associate counsel to show ratification of such employment by client. *Hughes* v. *Zeigler,* 69 Ill. 38, 3 Am. &: Eng. Enc. of Law (2d Ed.) 441.

*Alfred E. Hawes,* for respondent.

At common law, upon plaintiff's motion after verdict, the court would enter judgment for him, *non obstante,* only on plea in confession and avoidance, where confession was complete and matter pleaded in avoidance was no defense, and such right was tested only by the pleadings. *Cruikshank* v. *St. P. F. & M. Ins. Co.,* 77 N. W.. 958. By chapter 63, Laws 1901, such verdict is given to the party entitled to it, upon the evidence, upon compliance with the practice prescribed. *Cruikshank* v. *St. P. F. & M. Ins. Co., supra.* The father is the natural guardian of his infant child, and chargeable with its support, and medical and surgical services bestowed upon it. 3: Addison on Contracts 497, 3 Waite's Actions and Defenses, 851,. section 5, 1 Parsons on Contracts, 385. Liable even if services were voluntary. 2 Addison on Contracts, 847. Patient is liable to an assisting physician, upon implied *assumpsit,* where previous request and promise of payment were implied by law. *Garrey* v. *Stadler,* 30 N. W. Rep. 787. A pleading which affirms and denies an essential fact shows no cause of action. 9 Cal. 47, 6 Enc. Pl. & Pr. 270. Plea of new matter should confess, impliedly or directly, that but for such new matter of avoidance, the action could be maintained. *Morgan* v. *Hawkeye Ins. Co.,* 37 Ia. 357 ; *Abbott* v. *Sartori,* 11 N. W. Rep. 626. If judgment of court below is legally correct, its reasons therefor may be disregarded on review. *Knight et al.* v. *Barnes et al., County Commissioners,* 7 N. D. 599, 75 N. W. Rep. 904.

MORGAN, J. The complaint in this action sets forth a cause of action for services rendered the defendant's daughter by the plaintiff as a physician and surgeon at defendant's special instance and request. The answer admits the rendering of the services, but denies specially that such services were at defendant's special instance and request; and further alleges that such services were performed as an assistant to one Dr. Barr, and that said Barr agreed to pay said assistant out of the sum of $40, the agreed sum to be paid him for performing an operation on his infant daughter; and that the defendant never agreed to pay said plaintiff nor in any manner employed him. The defendant testified in support of his answer, and his testimony shows that the plaintiff was employed as an assistant at the sug-

.gestion of Dr. Barr of the necessity of employing him as an assistant. He admitted that he was aware that the defendant was to assist in said operation, but denies that he agreed in any manner to pay him ·or that he employed him, and says it was agreed that said Dr. Barr was to pay said plaintiff. The defendant was not present .at the operation. He had no conversation whatever with the plaintiff until after the services were performed. There was a verdict for the defendant in district court. That court ordered judg· ment for the plaintiff for $15, the undisputed value of his services, notwithstanding the verdict, and the defendant appeals from that judgment.

The plaintiff moves to dismiss the appeal and for an affirmance ·of the judgment, upon the grounds: "(1) That appellant's brief ·contains no true and concise statement of the facts material to the points of law to be argued with reference to pages or folios of the abstract; (2) that appellant's brief contains no assignment of ·error; (3) that the statement of the case as settled contains no speci- fication of errors." We do not find that the record sustains the last contention. The statement of the case was amended in due time on notice, and a specification of errors incorporated therein by an order ·of the court. The brief contains no assignments specifically denom- inated as such. It does, however, point out the two grounds on which reliance is placed for a reversal of the judgment appealed from, and this is done in the following words: "So that from defendant's view there are practically two propositions presented by this appeal, viz.: Did the district court err in granting plaintiff's motion for judgment notwithstanding the verdict, and in denying defendant's of February 24 to set aside the order of January 23, 1902?" These two questions .are the only ones argued in the brief, and the plaintiff has argued the ·correctness of these two rulings only in his brief. Although these matters are not properly assigned as errors, and the brief does not refer to the pages or folios of the abstract, as required by rule 14 (74 N. W. x), still the total absence of these requirements is not ground ·for the dismissal of the appeal. The appeal to this court was properly perfected, and cannot be dismissed for failure to comply with the rules of court relating to matters required to bring the case on for hearing and argument. The motion to dismiss the appeal is therefore ·denied. If the matter had been brought before us on a motion to strike out the briefs for the reasons alleged, we would undoubtedly have granted the motion, although an amendment might have been

permitted upon terms. The record in this case is very brief, and the irregularity is not such as to warrant us in disregarding the errors assigned without a proper motion. The rule requires no stated . form in making assignments. We therefore hold that there is not a total absence of assignments of error in the brief. Strict compliance with the rules is not always exacted, as has been held in the following cases: *O'Brien* v. *Miller,* 4 N. D. 308, 60 N. W. 841; *Vidger* v. *Nolin,* 10 N. D. 353, 87 N. W. 593.

After the verdict of the jury was recorded on the minutes of the court, the plaintiff made a motion for judgment notwithstanding the verdict, upon these grounds: "First, that such verdict is not supported by any evidence introduced on the trial in said action; second, that said verdict was rendered by said jury in utter disregard of the evidence introduced upon the trial of said action; third, that said jury either disregarded or did not understand the charge of the court as to the law applicable to the facts appearing in evidence upon the trial of said action before the jury." This motion was granted, and in the order granting it the following language is found: "And it now appearing to the court that there was no evidence offered by either of the parties to said action to authorize or support the finding of the jury in favor of the defendant and against the plaintiff, and it appearing to the court that said jury either misunderstood or disregarded the charge of the court as to the law applicable to the facts in the case, and it appearing to the court from such evidence that said verdict is erroneous and against law, and that the plaintiff is entitled to judgment upon all the evidence introduced upon the trial." It is conceded that the plaintiff did not move for a directed verdict in his favor during the trial. The practice relating to motions for judgment notwithstanding the verdict is prescribed by chapter 63, p. 74, Laws 1901, which is as follows: "In all cases where, at the close of the testimony in the case tried, a motion is made by either party to the suit requesting the trial court to direct a verdict in favor of the party making such motion, which motion was denied, the trial court, on motion made that judgment be entered notwithstanding the verdict * * * shall order judgment to be entered," etc. It is apparent from the reading of this law that the making and denying of a motion for a directed verdict must precede any motion for judgment notwithstanding the verdict on grounds relating to lack of evidence. Such a motion for a directed verdict is a condition precedent to ordering judgment notwithstanding the verdict upon grounds

pertaining to the evidence. The plaintiff, not having followed the preliminary requirement of the statute that a directed verdict must be asked for before a motion for judgment notwithstanding the verdict can be granted, was not entitled to the judgment rendered in his favor on the grounds set forth in his motion. *Hemstead* v. *Hall*, 64 Minn. 136, 66 N. W. 366; *Sayer* v. *Harris* (Minn.) 87 N. W. 617; *Crane* v. *Knauf*, 65 Minn. 447, 68 N. W. 79.

It is contended, however, that plaintiff was and is entitled to the judgment rendered in his favor under the common-law practice, for the reason that defendant's answer failed to allege a good defense. Whether the answer did state a good defense we are not called upon to determine. This contention, so far as this case is concerned, is disposed of by the fact that no such motion was made. The defendant was not apprised of any such contention until raised in respondent's brief in this court. Defendant was called upon in the court below to meet the single proposition advanced that the evidence did not sustain the verdict, and he has not attempted to sustain the other contention on which respondent seeks to uphold the judgment in this court. Having specifically pointed out the ground of his motion in the court below, the plaintiff will not be permitted to urge a different ground in this court, not at all connected with or included in the motion made and granted in the district court. If the plaintiff had included in his motion the grounds now relied on to support the judgment, in addition to grounds stated in the motion, and the district court had granted the motion upon the latter ground, he would be in a position to urge in this court that the judgment was proper on other grounds than the one relied on as sufficient by the district court. Under such a state of fact, the case of *Tribune Co.* v. *Barnes*, 7 N. D. 599, 75 N. W. 904, relied on by counsel, would be in point, but it is not in point on the facts of this case.

The judgment is reversed, and the cause remanded, with directions to the district court to enter judgment in favor of the defendant upon the verdict of the jury. All concur.