(106 N. W. 564.)

---

WALTER A. SATTERLEE v. MODERN BROTHERHOOD OF AMERICA, A CORPORATION.

Opinion filed January 25, 1906.

### Trial — Directed Verdict — Exception to Ruling.

    1. It is not necessary to except to the denial of a motion for a directed verdict in order to preserve the right to move for judgment notwithstanding the verdict.

**Appeal — Review.**

2. Error in the denial of a motion for judgment notwithstanding the verdict made before judgment and excepted to is reviewable on appeal from the judgment.

**Same — Motion for New Trial.**

3. A motion for new trial is not a condition precedent to the right to review in such cases.

**Insurance — Representations as to Pregnancy — Warranties.**

4. An untrue statement by the insured in her application for insurance that she was not then pregnant, which statement was made as a warranty, is a material misrepresentation, which vitiated the policy issued pursuant to the application, even though the misrepresentation was not made with intent to deceive.

**Same — False Warranty.**

5. Section 4485, Rev. Codes 1899, does not change the effect of a false warranty in a contract of insurance as to a fact material to the risk assumed.

Appeal from District Court, Ransom county; *Allen, J.*

Action by Walter A. Satterlee against the Modern Brotherhood of America. Judgment for plaintiff, and defendant appeals.

Reversed.

*Spalding & Stambaugh,* for appellant.

The provisions of the certificate and application meet all the requirements of our statute on the subject of warranties. Sections 4505, 4507, 4511, 4512, Rev. Codes 1899.

The burden of proving express warranties, whether affirmative or negative, in a policy of insurance rests upon the assured. Dreier v. Cont. Life Co., 24 Fed. 670; McLoon v. Ins. Co., 100 Mass. 472, 97 Am. Dec. 116; Wood on Ins. 867; Price v. Phoenix Mut. Life Ins. Co., 17 Minn. 497, 10 Am. Rep. 166; Wilson v. Hampden Ins. Co., 4 R. I. 159; Herrorn v. Peoria M. Fire Ins. Co., 28 Ill. 238; Leete v. The Gresham Life Ins. Co., 7 Eng. Law and Eq. 578.

An express warranty is a statement of fact or promise of performance, relating to the subject of insurance or to the risk, inserted in the policy itself or by reference expressly made a part of it, which must be literally true or strictly complied with, or else the

contract is avoided. Rev. Codes 1899, section 5713, par. 28; Richards on Insurance (2d Ed.) p. 62, par. 52; Johnson v. Dakota Fire & Marine Ins. Co., 1 N. D. 167, 45 N. W. 799.

*F. S. Thomas* and *M. A. Hildreth,* of counsel, for respondent.

Plaintiff was not entitled to a directed verdict, since his motion therefor did not point out specific defects in plaintiff's proof, and overruling it is not error. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558; Hayne on New Trial and Appeal, section 116; Baker v. Joseph, 16 Cal. 173; Tanderup v. Hansen, 66 N. W. 1073.

The direction of a verdict for the plaintiff cannot be made the foundation of error, as it was not excepted to. DeLendrecie v. Peck, 1 N. D. 422, 48 N. W. 342; Dahl v. Stakke et al., 96 N. W, 353.

The appeal being from the judgment only, the only matter before the court is error of law occurring· at the trial and excepted to. Weis v. Schoerner et al., 9 N. W. 794; Morris v. Niles, 30 N. W. 353; Barnard & Leas Mfg Co. v. Galloway et al., 58 N. W. 565; Latimer v. Morrain, 43 Wis. 107; Hawkins v. Hubbard, 51 N. W. 774.

Where false and untrue answers in an insurance application are alleged, the burden to prove such answers false is upon the defendant. Piedmont & A. Life Ins. Co. v. Ewing, 92 U. S. 377, 23 L. Ed. 610; Penn. Mut. Life Ins. Co. v. Mechanics Sav. Bank and Trust Co., 72 Fed. 413, 19 C. C. A. 286, 38 L. R. A. 33; Jones v. Brooklyn Life Ins. Co., 61 N. Y. 79; O'Connell v. Knights of Damon, 102 Ga. 143, 66 Am. St. Rep. 159; Chambers v. N. W. Mut. Life Ins. Co., 64 Minn. 495, 67 N. W. 367; Price v. Phoenix Mut. Life Ins. Co., supra.

The effect of statements, representations and warranties in an application for insurance is controlled by statute, to the extent that they are not material or do not defeat or avoid the policy unless made with intent to deceive, or unless the matter misrepresented increased the risk of loss. Rev. Codes 1899, section 4485; White v. Prov. Sav. Life Assn. Society of N. Y., 27 L. R. A. 398; Levie v. Metropolitan Life Ins. Co., 39 N. E. 792; Price v. Standard Life & Acc. Ins. Co., 95 N. W. 1118.

These are matters of defense to be shown by the defendant. Chambers v. N. W. Mut. Life Ins. Co., supra; Hale v. Life Indemnity & Inv. Co., 65 Minn. 548, 68 N. W. 182.

Appellate court will not adopt a theory different from that of the trial court. Noyes v. Bunt, 9 S. D. 603; Barrett v. Fisch, 76 Iowa, 553, 41 N. W. 310; Louisville, N. A. & C. Ry Co. v. Wood, 113 Ind. 544, 14 N. E. 572, 16 N. E. 197.

Where a contract of insurance is open to construction, assured is entitled to the construction most in her favor. 17 Minn. 497; Supreme Lodge Knights v. Edwards, 41 N. E. 850; N. W. Mut. Life Ins. Co. v. Woods, 39 Pac. 189.

Courts do not favor a construction imposing a warranty. Phoenix Mut. Life Ins. Co. v. Raddin, 120 U. S. 183, 30 L .Ed. 644; Mouler v. Amer. Life Ins. Co., 111 U. S. 341, 28 L. Ed. 477; First Nat. Bank v. Hartford Fire Ins. Co., 95 U. S. 673, 24 L. Ed. 563; Grace v. American Cont'l Ins. Co., 109 U. S. 278, 27 L. Ed. 932; Fitch v. Amer. Popular Life Ins. Co., 59 N. Y. 557, 12 Cush. 416.

Applicant's statement of her not being pregnant, if there was nothing to indicate it to her mind, was but an expression of an opinion. Conover v. Phoenix Mut. Life Ins. Co., Fed. Cas. No. 3143; Goucher v. N. W. Traveling Men's Assn., 20 Fed. 598; Conn. Mut. Life Ins. Co. v .Union Trust, 112 U. S. 251, 28 L. Ed. 708; Aetna Ins. Co. v. Simpson, 69 N. W. 125.

Her answers were only "to the best of her knowledge and belief." Clapp v. Mass. Benefit Assn., 146 Mass. 519, 16 N. E. 433; Hann v. Nat. Union, 97 Mich. 413, 56 N. W. 834; Campbell v. N. Eng. Mut. Life Assn., 98 Mass. 381; Fidelity Mut. Life Assn. v. Jeffords, 53 L. R. A. 193.

ENGERUD, J. This is an action on a benefit certificate or policy of insurance issued by the defendant, a fraternal beneficiary association, to Myrtle Satterlee, who, in her lifetime, was the wife of the plaintiff. The insurance was in the sum of $2,000, payable to this plaintiff upon the death of the insured. The contract of insurance consists of the beneficiary certificate or policy, together with the application of the insured for membership in the defendant order, and the articles of incorporation, fundamental laws, by-laws and regulations of the society. The application for insurance contains, among other things, the statements by the insured as to her physical condition made to the medical examiner of the defendant. This medical examination was had on March 12, 1904. The application was accepted, and the beneficiary certificate issued on March 19, 1904. Said Myrtle Satterlee died September, 12, 1904, after giving birth to a child on that day, which child was living at the

time of the trial in May, 1905. The cause of her death was puer-
peral eclampsia, a disease caused by childbirth. The insured had
been married about five years to the plaintiff, and they had always
lived together as husband and wife ever since their marriage.

The contract of insurance, among other things, provides that
if the application for membership should be found to be untrue
in any respect, the certificate or policy should be thereby voided.
The application, which is expressly made a part of the policy of
insurance, and referred to in the certificate, is signed by the in-
sured, and among other things recites: "I declare that I am, to the
best of my knowledge and belief, in sound physical condition, and
I further declare and warrant that the above statements, together
with the answers made or to be made in the other parts of the ap-
plication by me to the physician, are true, and shall form the basis
of the contract for membership and certificate between me and
my beneficiary and all parties who may at any time have an in-
terest therein and said brotherhood, and any untrue or fraudulent
answers or suppression of facts in regard to my health, personal
habits or physical condition in this application  *   *   *   shall
immediately make said benefit certificate null and void." Among
other questions appearing in the medical examination, which was
in a separate document attached to the application, the applicant
was asked if she was then pregnant, to which she answered: "No."
In connection with that question there was a clause stating that if
the applicant was pregnant, a special waiver in that respect must
be signed. At the end of the paper containing the questions and
answers of the medical examination was the following: "I hereby
further declare that I have read and understood all of the above
questions put to me by the medical examiner, and answers there-
to, and that the same are warranted by me to be true;" and the
paper bears the signature of the insured.

The principal defense pleaded is that the defendant was not
liable on the policy because the statement by the insured in her
application, to the effect that she was not then pregnant, was un-
true, and was a breach of a warranty contained in the contract. On
a trial before a jury the facts already stated were shown, and the
plaintiff testified that at the time the application was made, and
until about two months afterwards, none of the usual indications
of pregnancy had appeared; and that the child, which was born
about twelve hours before the mother's death, was small and weak

when born, but was still living at the time of the trial. No testimony, unless that just stated can be termed such, was introduced to the effect that the child was in any way undeveloped or that it bore any indication of premature birth. The defendant called as a witness a practicing physician, who testified that a child born at the end of six months from conception could not live more than a few hours. This testimony was not disputed, although the physician who attended the mother at the time of her confinement was present at the trial and testified on other points in the case. At the close of all the testimony, both parties moved for directed verdicts. The defendant urged that it was entitled to a directed verdict, for the reason that the undisputed evidence showed that at the time the application for membership was made the applicant was pregnant, and the statements and representations made in the application and certificate were warranties that that condition did not then exist. The plaintiff moved for a directed verdict on the ground that the evidence showed without dispute that the plaintiff's wife did not know that she was pregnant at the time the application for insurance was made. Defendant's motion was not formally denied, but the plaintiff's motion was granted, and a verdict returned accordingly. The fact that no formal denial of defendant's motion was entered was immaterial. Under the circumstances of this case the granting of plaintiff's motion was of itself a denial of defendant's motion, and it was wholly unnecessary to so expressly declare on the record. The defendant did not expressly take any exception to the ruling of the court in directing a verdict. After the directed verdict had been rendered, the defendant applied to the court for judgment in its favor notwithstanding the verdict. This motion was denied, and a formal exception taken. Thereafter a statement of the case was duly settled, specifying as error the denial of defendant's motion for a directed verdict, the granting of plaintiff's motion, and the denial of the motion for judgment notwithstanding the verdict; and the specifications further specifically point out wherein the evidence is claimed to be insufficient to justify the verdict. Judgment was entered pursuant to the verdict on the 18th of May, 1905. Afterwards, on the 19th day of July, 1905, the defendant moved for a new trial on the ground that the evidence was insufficient to justify the verdict, and errors of law. The motion was denied, and thereupon the defendant appealed from the judgment alone. The errors assigned

include the specifications of error embraced in the statement of the case and also the denial of the motion for a new trial. A motion for a new trial in this case was unnecessary because, if the direction of the verdict was erroneous, it was an error of law which can be reviewed upon appeal from the judgment without a motion for a new trial. Sanford v. Elevator Co., 2 N. D. 6, 48 N. W. 434.

One of the errors assigned, and it is the only one we need consider, is that "the court erred in denying the motion of defendant for judgment in its favor notwithstanding the verdict." The respondent's contention that the court's action in overruling appellant's motion for judgment cannot be considered because no formal exception was taken to its request for a directed verdict, cannot be sustained. The right to move for judgment nowithstanding the verdict is given by chapter 63, p. 74, Laws 1901. The making of a motion for a directed verdict is a condition precedent to the right to make a motion for judgment. Johns v. Ruff, 12 N. D. 74, 95 N. W. 440. But this act does not require that an exception be taken. In this case the defendant's motion for a directed verdict was denied. It had the right, therefore, to move for judgment. This was motion made before the judgment from which this appeal is taken was entered, and is therefore properly before us for review. Whether the additional error assigned upon the court's refusal to direct a verdict can or cannot be reviewed because of the absence of a formal exception we need not determine. The case of De Lendrecie v. Peck, 1 N. D. 422, 48 N. W. 342, is not applicable to this case, and this opinion should not be taken to be an implied approval of the holding in that case to the effect that the direction of a verdict is not a "final decision" deemed excepted to within the meaning of section 5463, Rev. Codes 1899. That question is not discussed because not necessary to the disposition of this case. The error assigned upon the court's refusal to order judgment notwithstanding the verdict presents the same question as that presented upon the motion for a directed verdict, and they are decisive of this case. The statement by the applicant that she was not pregnant was contained in an instrument signed by her, and which was referred to in the policy as constituting part of it. It was also a statement of a material fact relating to the person insured and affecting the risk to be assumed by the insurer. It was also expressly declared to be a warranty by the contract of the parties, and must be given effect as

such by the court. Sections 4503-4512, Rev. Codes 1899; Johnson v. Insurance Co., 1 N. D. 167, 45 N. W. 799.

. It is unnecessary to decide in this case whether section 4485, Rev. Codes 1899, which was incorporated in our law by the revision of 1895, after Johnson v. Insurance Co. was decided, has modified the rule announced in that case with respect to the effect of the falsity of an apparently immaterial representation which the parties have agreed shall be regarded as a warranty. That section is part of the article dealing with concealments and representations in insurance contracts. It declares: "No oral or written. misrepresentations made in the negotiation of a contract or policy of insurance by the insured, or in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss." If we assume that the language of this. provision includes representations which have been made as warranties, the act, nevertheless, leaves untouched the law as it previously existed with respect to the effect of an untrue warranty as to a fact, the existence or nonexistence of which increased the risk of loss. If the matter misrepresented increased the risk of loss, it is still wholly immaterial whether the matter was intentionally or innocently misrepresented. The applicant in this case warranted that she was not pregnant. That this warranty was untrue cannot be seriously questioned. That a state of pregnancy materially increased the risk of loss is obvious. It was a material fact which increased the risk of loss; and the warranty with respect to it was untrue, however innocent the applicant may have been of any intentional misrepresentation. The warranty being false, the contract was vitiated; and it follows that the defendant's motion for a directed verdict ought to have been granted. As there is no ground for supposing that a new trial would disclose any different state of facts, a judgment dismissing the action should be entered notwithstanding the verdict.

The judgment appealed from is reversed, and the district court will enter judgment notwithstanding the verdict, that the plaintiff take nothing and that defendant recover its taxable costs and disbursements. All concur.