This is an action in conversion. It is the claim of the plaintiff that over five hundred bushels of wheat were raised on its farm by its tenant George Bird under a written lease wherein the tenant was to pay a cash rent of $500 and the title to the wheat was reserved in the plaintiff until the rent was paid; that the tenant paid but $75 on the rent, and sold the wheat to the defendant without the knowledge and consent of the plaintiff; that plaintiff demanded the wheat from the defendant and the defendant refused to deliver it to the plaintiff, and therefore the plaintiff is damaged in the sum of $425. So plaintiff asks judgment for $425 with interest at six per cent from the date of conversion.
The defendant says the tenant paid the rent in full, and, further that the defendant paid the tenant for this grain by check drawn on or through the plaintiff bank and that the bank cashed the checks "well knowing that said checks represented the purchase price for the alleged grain which the plaintiff now claims to have a lien" upon and therefore that the plaintiff consented to the sale and permitted its tenant to sell the grain with knowledge of the sale and without objection *Page 143 
or protest; and thus, if plaintiff ever had any interest in the grain, it waived its right thereto by its conduct and its actions.
A jury was empanelled and at the close of the case the plaintiff moved for a directed verdict which motion was resisted and therefore denied. The court however notified the counsel for each party that "should there be an appeal the court desires that a motion for a new trial or judgment non obstante be made." The jury returned a verdict for the defendant and the plaintiff moved for judgment notwithstanding the verdict, which motion was denied. Judgment was entered dismissing the action and plaintiff has appealed.
Respondent raises a question of practice involving the right of the appellant to a review of the sufficiency of the evidence. Appellant made no motion for a new trial in the court below. Respondent says that owing to the provisions of § 7843 which says: "No motion for a new trial shall be necessary to obtain, on appeal, a review of any questions of law or of the sufficiency of the evidence, unless, before the taking of the appeal, the judge shall notify counsel of the party intending to take the appeal that he desires such motion to be made," appellant cannot have a review of the sufficiency of the evidence because he made no motion for a new trial.
This point is not well taken. The appellant is not asking for a new trial. Ignoring the fact that the request of the trial judge was made before the case was submitted to the jury and therefore before it was known who could be "the party intending to take the appeal" the request of the court was for "a motion for new trial or for a judgment non obstante." Appellant made motion for judgment notwithstanding the verdict, and thus nullified the effect of the request of the judge so far as the provisions of § 7843 are concerned. In addition, a motion for judgment notwithstanding the verdict requires the review of the sufficiency of the evidence for the purpose of determining whether such motion should have been granted. The appeal is from the order denying the motion. This court must explore the record to the extent of determining whether the appellant is entitled to judgment notwithstanding. See Rokusek v. National Union F. Ins. Co. 50 N.D. 123, 195 N.W. 300; Satterlee v. Modern Brotherhood,15 N.D. 92, 106, N.W. 561.
In order to justify judgment notwithstanding the verdict it is essential *Page 144 
the plaintiff prove that under the evidence in the case it was entitled to a verdict and judgment as a matter of law, and this depends upon the nature and character of the evidence introduced.
There is no question but what the plaintiff was the owner of the land; that George Bird was the tenant farming the land under a written lease; that the tenant was to pay a cash rent of $500 "due and payable when grain is threshed and marketed," that the title of all of the grain raised was reserved in the plaintiff until the rent was paid. This lease was not filed for record; but under the holding of this court in the case of Merchants' State Bank v. Sawyer Farmers' Co-op. Asso. 47 N.D. 375, 14 A.L.R. 1353, 182 N.W. 263, it was not necessary for the plaintiff to file this lease in order to charge the defendant with liability in case it purchased the grain without consent from the plaintiff, even though the landlord received money as rent. See also McFadden v. Thorpe Elevator Co. 18 N.D. 93, 118 N.W. 342.
There are but two main facts to be determined — first, did the tenant pay his rent; and second, if not, is the plaintiff estopped from claiming that the sale of the grain was made without its knowledge or consent?
It is not contended by defendant that the tenant paid the rent in cash; but the defendant does claim that the plaintiff held certain real estate in trust for the tenant as security for indebtedness and agreed with its tenant that when it sold this real estate it would deduct therefrom all of the debt of the tenant including the balance due on the rental, and pay the remainder to the tenant; that the land was sold, the debt deducted and the remainder paid over to the tenant.
We have examined the evidence with reference to the payment of the rent and are satisfied that there is no proof whatever showing the tenant paid the rent, or that the account for the rent had been settled and adjusted. The sole contention is that the rent was paid out of the equity of the tenant in the real estate. The evidence shows beyond dispute there was no equity whatever, hence the rent was not paid out of the equity or any other source.
The defense of estoppel is based upon the fact that defendant's checks for the grain issued to the tenant passed through the hands of plaintiff bank. The bank knew that its tenant farmed no other land but its land, and that the only crop the tenant raised was the crop *Page 145 
raised on this land. When the tenant sold the grain the elevator agent issued drafts to him in payment thereof, drawn upon defendant in Minneapolis. After the grain was hauled to the elevator, but before it was sold, three drafts were issued, being advances to the tenant. They are dated August 18, August 24, and September 3, respectively. They were not drawn on any account of the defendant with plaintiff bank, but the tenant went to the plaintiff bank and cashed one for $225 and the bank transmitted it to defendant who paid it in the usual course of business. The others were endorsed by the tenant to third parties who took them to the plaintiff, deposited them or cashed them there and the plaintiff transmitted them to the defendant, who paid them in due course of business. There is nothing in the record to show when they were endorsed to plaintiff bank or when paid by defendant, and there is no date on any endorsement. The presumption is that the endorsement, "Was made at the time and place of the making of the note or bill." Section 7936 Subdiv. 22 Comp. Laws. These drafts are similar in form, as follows:
"Geo. C. Bagley Elevator Co. No. 30683 Station Raleigh, N.D. Date Aug. 24, 1928
On Demand
Pay to the order of Geo. Bird $225.00
Two Hundred and Twenty Five and no/100 Dollars
In payment of storage ticket No. ______________
To Geo. C. Bagley Elevator Co.} } Geo. C. Bagley Elevator Co. 54 Chamber of Commerce, } } By J.S. Metz, Agent. Minneapolis, Minnesota. }
This draft must be endorsed on back by party or parties to whom issued."
The grain was sold on September 14, the defendant issued various drafts therefor in payment. All of these drafts received were taken to the plaintiff bank, handled in the same manner, some being first endorsed by the defendant to third parties. It is the claim of the defendant that the bank knew these checks were issued in payment of grain and as it knew Bird had no grain except the grain raised on plaintiff's *Page 146 
land, it must therefore have known that these checks were issued for that grain and thus the bank knew the tenant was selling the grain and made no protest.
It is clear that cashing the drafts issued after the sale of the grain is no proof of notice to the bank. With reference to the first three drafts issued — advances made by the elevator company to the tenant — the plaintiff bank must have known the tenant was disposing of grain. The character and language of the instruments indicated sale of grain. It is the claim of the defendant that this was sufficient notice to put the plaintiff upon inquiry and require it to notify the elevator company not to issue any checks, that the duty rested upon the plaintiff to warn the elevator company, and that failing to do so was tacit permission to the defendant to purchase the grain.
The question of whether the plaintiff had sufficient notice to put it on inquiry is primarily a question of fact. The officers of the bank knew the tenant had no other grain that year than the grain raised on the farm belonging to the bank; consequently the bank officials must have known or had good reason to believe that this draft, being for grain sold by the tenant, must have been issued for grain on which it claimed a lien. Notwithstanding this fact no notice was given to the elevator company that it claimed a lien. True, it was not necessary in the first instance that it give such notice; but permitting the tenant to handle the grain as if it were his own, free from liens, was a circumstance to submit to the jury to determine whether the elevator company was justified in believing the bank was giving the tenant control over the grain, depending upon the tenant to properly account for the amount secured by the lien. Thus there was evidence on the question of estoppel. The court submitted this question of waiver to the jury, and the jury found for the defendant.
There are four specifications of error, with twenty subdivisions, addressed to the proposition that the evidence is not sufficient to sustain the verdict for the defendant. There are also six specifications of error in the charge to the jury. All of these specifications might avail plaintiff were it asking for a new trial; but plaintiff is insisting that there was but one possible legal verdict upon the evidence that was presented, and that is a verdict for the plaintiff. This is the only question involved here. The jury having found for the defendant on the only *Page 147 
proposition of fact in dispute — the question of waiver — the plaintiff was not entitled to judgment as a matter of law, and the question of such judgment being the sole issue presented to us, the order denying the motion is affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL, and BURKE, JJ., concur.