## PRICE E. MORRIS v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.

(155 N. W. 861.)

**Directed verdict — motion for — new trial — motion for — sufficiency of evidence — appeal — raised for first time on appeal.**

1. Where a motion is not made for a directed verdict, or the sufficiency of the evidence to support the verdict challenged by motion for new trial, the sufficiency of the evidence to sustain the verdict cannot be raised for the first time on appeal and by an alleged specification of error to that effect, served with the notice of appeal.

**Error — specifications of — founded on error below — trial court — sufficiency of evidence — ruling on — must be invoked — question raised in supreme court.**

2. Specifications of error so taken must be founded upon some alleged error committed below, for its basis. And where a ruling upon the sufficiency of the evidence has not been invoked in the trial court, no error of law has been committed, and the sufficiency of the evidence to justify the verdict cannot be passed upon under an alleged specification of error.

**Insufficiency of evidence — question raised by appellant — general verdict — favorable to — cannot be raised.**

3. A specification by plaintiff, appellant, of insufficiency of the evidence to justify the verdict presents no question calling for a review of the evidence, where the jury have found for the defendant by a general verdict, establishing that the evidence was insufficient to sustain a verdict for plaintiff.

**Evidence — verdict — merits — justified by.**

4. As the practice questions involved since the 1913 practice act are new, the evidence has been examined, and it has been ascertained that the verdict is justified thereunder on the merits.

Opinion filed December 17, 1915.  Rehearing denied December 31, 1915.

An appeal from the district court of Foster county; *Coffey*, J.
Affirmed.

*T. F. McCue,* for appellant.

Where a prima facie case is made out, and there is no question of fact to go to the jury,—questions controverted by evidence,—the case still having been submitted to the jury, and the jury having found its verdict clearly contrary to the evidence, it should be set aside. Crane v. Morris, 6 Pet. 598, 8 L. ed. 514; United States v. Wiggins, 14 Pet. 334, 10 L. ed. 481; Kelly v. Jackson, 6 Pet. 622, 8 L. ed. 523; Emmons v. Westfield Bank, 97 Mass. 243; State ex rel. Turner v. Turner, 104 N. C. 571, 10 S. E. 606; Blough v. Parry, 144 Ind. 463, 40 N. E. 70, 43 N. E. 560.

Where the verdict is without support in the evidence, it will be set aside on appeal. Fuller v. Northern P. Elevator Co. 2 N. D. 220, 50 N. W. 359; McArthur v. Dryden, 6 N. D. 438, 71 N. W. 125; Martin v. Orndorff, 20 Iowa, 217; Leater v. Sallack, 31 Iowa, 477; Miller v. Mutual Ben. Ins. Co. 34 Iowa, 222; Carlin v. Chicago, R. I. & P. R. Co. 37 Iowa, 316.

*Edward P. Kelly,* for respondent.

Where the evidence is wholly insufficient to sustain a verdict if given, a directed verdict in favor of the other party is proper. Miller v. Northern P. R. Co. 18 N. D. 19, 118 N. W. 344, 19 Ann. Cas. 1215.

A prima facie case must be based upon competent, reasonable, and believable testimony. Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 25 N. D. 145, 141 N. W. 204.

Goss, J. For the facts, consult the first opinion in this case, at 25 N. D. 136, 141 N. W. 204. At the close of the first trial a verdict was directed for defendant upon a theory of a failure of proof of loss of grain. A carload of barley was shipped from Bordulac, in this state, to Superior, Wisconsin. There was a difference of 4,960 pounds between initial and terminal weights as made under the proof. On plaintiff's appeal in the former case it was held that the proof was sufficient to entitle plaintiff to a jury finding upon the fact of loss, and amount thereof, if any. On the second trial, the finding of the jury was adverse to the plaintiff and for dismissal. From judgment entered thereon, plaintiff appeals, without moving for new trial below. In his specification of error served with his notice of appeal, he has alleged that the verdict is contrary to the evidence, and that the evidence is insufficient to sustain the verdict, and that upon the whole record the plaintiff is entitled to verdict and judgment.

As plaintiff failed to obtain a ruling in the trial court upon the sufficiency of the evidence by failing to move for a directed verdict in his behalf, or move for a new trial upon said ground, he has no error of law below upon which on appeal he can seek a review. An erroneous ruling upon a motion for directed verdict is an error of law, and is reviewable on appeal from the judgment; and in cases where the evidence is insufficient to support the verdict, and where the sufficiency of the evidence to support the verdict has been tested by motion for directed verdict, or motion for new trial upon said ground, and overruled, and an error of law exists because of such ruling, the same may be challenged on appeal, and the appellant may claim the evidence as insufficient to support the verdict, pointing out wherein it is insufficient, and in this court invoked a review of the alleged error committed below, but

not otherwise. Such was the practice before the passage of chapter 131, Sess. Laws 1913, commonly known as the practice act, and such is still the law. Wilson v. Kryger, 29 N. D. 28, 149 N. W. 721; State ex rel. Leu v. Coffey, 28 N. D. 329, 148 N. W. 664; Willoughby v. Smith, 26 N. D. 209, 144 N. W. 79. Section 4 thereof (§ 6756, Comp. Laws 1913) does not change the prior settled practice in such respect. While the language of the act is somewhat ambiguous, and possibly susceptible of a contrary construction, undoubtedly it was not intended to permit virtually a retrial in this court of the sufficiency of the evidence to sustain a verdict, where the lower court was never asked to pass upon that question. And it ought not to be so construed. The record in this case is a splendid illustration of the operation of such a construction as is contended for by plaintiff. In the lower court plaintiff sat mute, assuming, as did the court and opposing counsel, that the evidence was sufficient to justify submitting the ultimate conclusion of fact and law to the jury for their determination under instructions. The jury found adversely to plaintiff. Appellant now on appeal seeks to urge something not spoken of below, and perhaps an afterthought, to wit, the sufficiency of the evidence to justify submission of the cause to the jury on the fact. To sustain his contention will establish a precedent to permit a party to purposely omit to raise the issue of sufficiency of the evidence in the trial court and before the court fully familiar with all phases of the proof, speculate upon the outcome of a verdict and his ability to recover at the jury's hands, and then, if the verdict happens to be unfavorable, for the first time on appeal invoked a review of the sufficiency of the evidence to sustain it; and that too without having laid any basis in law therefor, having invoked no ruling below upon that question, either on trial or on motion for a new trial. Such procedure would not only be unfair to trial courts, and litigants as well, but also would consume the time of this court in passing upon issues of fact,— virtually a trial anew of facts on appeal. Until the legislature says in plain language that this was intended, it is our duty to lay no such traps for error, nor assume to pass upon questions not raised below and not amounting to errors of law.

But it may be claimed that by § 7843, Comp. Laws 1913, a provision of the 1913 practice act that "no motion for a new trial shall be necessary to obtain on appeal a review of any question of law or of the suf-

ficiency of the evidence unless," etc., which, coupled with § 7656, Comp. Laws 1913, a part of the same practice act specifying what shall be stated in a specification of insufficiency of the evidence, that the legislature has endeavored to permit an appellant to challenge for the first time on appeal the sufficiency of the evidence to sustain a verdict. But the very statute in question in which the right must be claimed, if at all, grants only "on appeal a review of any question of law or of the sufficiency of the evidence." To be reviewed here it must have been first passed upon elsewhere in such a way as to commit error of law in the first instance. Where the sufficiency of the evidence has not been raised below, an examination of it here would not be a *review* of it as sufficient to sustain the verdict. Before the passage of the practice act, inquiry in this court in jury cases was confined to a review of error only. Rev. Codes 1905, § 7226, Comp. Laws 1913, § 7842. No innovation in that respect was intended by the 1913 practice act, notwithstanding it dispensed with the necessity of making a motion for new trial in certain instances, to obviate which was the matter probably uppermost in the mind of those preparing the legislation, §§ 7656 and 7847, Comp. Laws 1913. There could have been no intent to change this from a court of review of error into a court in which to examine for the first time the sufficiency of evidence to sustain a verdict or jury's findings.

We might mention that the specification that the evidence is insufficient to sustain the verdict of dismissal is an incongruous one, raising no error on appeal. The jury dismissed because of insufficiency of evidence to sustain a verdict for plaintiff, and their verdict is challenged as based upon insufficient evidence. Under this specification appellant has urged on appeal that the verdict is contrary to the evidence, which would have been a proper specification, but under which he would have had no standing because he had not obtained a ruling thereon by a motion for a directed verdict. Apparently appreciating that such would be the holding, appellant has very skilfully attempted to indirectly accomplish the same thing by alleging the evidence as insufficient to sustain a verdict, which verdict has held in effect the evidence would be insufficient to sustain plaintiff's cause of action. Obviously counsel cannot do by indirection what he could not accomplish directly under a proper specification of error.

However, that plaintiff may not be foreclosed of a consideration of the merits, the fact will be reviewed. Appellant reasons that inasmuch as on the first trial the proof was held sufficient to take the case to the jury over a motion for directed verdict of dismissal, and the proof is substantially the same in this case, with the added circumstance of testimony offered in defense, he is entitled to a verdict upon the theory of there being no substantial conflict in the evidence. Under certain kinds of evidence, such as documentary proof, plaintiff might be correct, but where, from the very nature of the proof made, a doubt is cast as to it making prima facie proof of the ultimate fact, the rule is different. Prima facie proof of negligence, such as would take the case to the jury for determination, does not necessarily establish a right to a finding of negligence from the jury. The court has its province in determining, as a matter of law, that the proof is sufficient to be weighed by the trier of fact, the jury, and the jury has its province to determine the ultimate fact. And in each instance each determination is made independent of the other. Here the ultimate fact is largely controlled by the credibility of the witnesses and the accuracy of the weights taken under the circumstances, with other proof or want of proof of shortage. That the court submitted the issue to the jury would be the equivalent of finding that sufficient evidentiary facts exist to invoke the jury's determination of what was the truth of the matter, the ultimate conclusion of fact to be drawn from the evidentiary facts. In determining this question it was for the jury to weigh, reject, or take for granted the evidence, under settled rules concerning credibility of witnesses and the like, including facts of which the jury could take judicial notice. These questions are so fully discussed in the prior opinion as not to need reiteration here. The question was one for the jury, and they have determined it.

Judgment is affirmed, with costs.

CHRISTIANSON, J., concurring specially. I concur in an affirmance of the judgment on the ground that the verdict on which it is based was justified under the evidence. I also heartily concur in what my brother Goss says about the policy (generally adopted and recognized) which prohibits a party from raising on appeal any question on which the trial court was not required to rule. I think this policy should apply especially where it is sought to impeach the verdict of a jury on the

ground that it is contrary to, or unsupported by, the evidence. But while I think this is the better policy, still I am inclined to believe that the legislature by the 1913 practice act intended to permit the question of the sufficiency of the evidence to sustain the verdict to be raised on appeal, even though such insufficiency had not been raised in the court below, either by motion for a directed verdict or by motion for a new trial.

It is true that under the former practice the sufficiency of the evidence could not be reviewed on appeal, unless it was challenged in the court below, either by motion for a directed verdict or by motion for a new trial. But under the 1913 practice act, however, it is provided that "no motion for a new trial shall be necessary to obtain, on appeal, a review of any questions of law *or of the sufficiency of the evidence,* unless, before the taking of the appeal, the judge shall notify counsel of the party intending to take the appeal that he desires such motion to be made." Comp. Laws 1913, § 7843.

In harmony with this provision, § 7656, Compiled Laws 1913, provides that "a party desiring . . . *to appeal from a judgment* . . shall serve with the . . . notice of appeal a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict . . . he shall so specify."

If the legislature intended that a motion for a directed verdict or a motion for new trial must be made in order to obtain a review of the sufficiency of the evidence, then that portion of § 7656 requiring specifications of insufficiency of the evidence to be served with the notice of appeal, and that portion of § 7843 providing that no motion for new trial shall be necessary to obtain a review on appeal of the sufficiency of the evidence, are unnecessary and meaningless; because if a motion for a directed verdict is made and denied, such ruling becomes an error of law which is deemed excepted to, and it is unnecessary to serve specifications of insufficiency of the evidence in order to obtain a review of such ruling. If a motion for new trial is made, such insufficiency of the evidence must be specified upon such motion. In either case no necessity exists for serving with the notice of appeal specifications of the insufficiency of the evidence. Therefore, while I agree with the policy announced in the majority opinion, it seems to me that the construction placed upon the present practice act is not in accord with the legislative intent.