OSCAR R. ANDERSON, Appellant, v. S. L. PHILLIPS, C. A. Weeden, and F. H. Fernybough, Respondents.

(169 N. W. 315.)

**Substantial evidence — in record — burden of proof — to sustain — verdict — will not be set aside — on ground that evidence is insufficient — new trial — motion for.**

1. Where there is no substantial evidence in the record upon which a verdict in favor of the party holding the burden of proof can be based, such verdict should be set aside upon a motion for a new trial on the ground that the evidence is insufficient to justify the verdict.

**Claim and delivery — action in — redelivery bond — repossession of property under — by defendant — offer by defendant to return property — in substantially same condition — not sufficient to sustain verdict in defendant's favor.**

2. In an action against the sureties upon a bond, given under § 7521, Compiled Laws 1913, whereby the defendant in a claim and delivery proceeding obtained the redelivery of the property seized in such proceeding, the evidence is examined and held not to support a verdict in favor of the defendants based upon the ground that the defendants had returned or offered to return the property to the plaintiff in substantially as good condition as it was when delivered to the defendant under the bond.

Opinion filed October 25, 1918.

Appeal from the District Court of Towner County, Honorable C. W. Buttz, Judge.

Plaintiff appeals from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial.

Reversed.

J. C. Adamson and H. S. Blood, for appellant.

After judgment in claim and delivery directing a return of the property seized and rebonded by defendant, it is defendant's duty to at once return the property in the same condition as when taken. Cobbe, Replevin, § 1182; Capital Lumber Co. v. Learned, 30 Or. 544, 78 Am. St. Rep. 792; 34 Cyc. 1575 and cases cited.

After suit is brought on the redelivery bond, an offer to return cannot prevent a recovery. 24 Am. & Eng. Enc. Law, 536; Bradley v. Reynolds, 61 Conn. 271.

A tender must not only be unconditional but it must be kept good to have the effect of satisfying the judgment. Cobbe, Replevin, § 1190.

In order to satisfy a judgment for the return of the property in claim and delivery, the property must be returned in substantially the same condition as it was when taken under the redelivery bond. Vallancy v. Hunt, 26 N. D. 611, 145 N. W. 132 and cases cited; Farmers Nat. Bank v. Ferguson, 28 N. D. 347, 148 N. W. 1049; Larson v. Hanson, 21 N. D. 411, 131 N. W. 239.

Where plaintiff in an action on a redelivery bond alleges and proves the entry of the alternative judgment entered in the claim and delivery suit, and shows that the judgment remains unsatisfied, he has established the liability of the bondsmen. Clark v. Ellingson (N. D.) 161 N. W. 199.

C. A. Verret and Wm. Bateson (Flynn & Traynor, on oral argument) for respondents.

The evidence clearly shows that respondents made a valid, legal tender and offer to return the property, but was prevented from making a physical and manual delivery of the property by appellant's refusal to accept, or to indicate a place where respondents could make safe delivery to him. 34 Cyc. 1574 and 1575.

In making a tender of money it must be kept good in order to serve the purpose. This is not so of specific chattels. 38 Cyc. 159 and cases cited; McPherson v. Wiswell (Neb.) 21 N. W. 391.

CHRISTIANSON, J. The plaintiff Anderson brought an action to recover of the defendant Phillips the possession of the following farm machinery, to wit:

One Acme Queen binder, 8 ft. with trucks.

One Acme Giant mower, 5 ft. cut.

One Acme Lark rake.

One Deere & Webber wagon, gear 3¼.

One Rumely steel oil tank.

One wood water tank.

One Rumely Oil Pull Tractor, Type F.

One 18 H. P. Gaar Scott Engine No. 8929.

One Gaar Scott Separator 33″.

The plaintiff also instituted claim and delivery proceedings ancillary to the action and the property was taken from the defendant Phillips by the sheriff of Towner county under such claim and delivery proceedings. On July 8th, 1915, the defendant Phillips obtained a redelivery of the property by giving to the sheriff a written undertaking conditioned as provided in § 7521, Compiled Laws 1913. The undertaking was executed by the defendant Phillips as principal, and the defendants Weedon & Fernybough as sureties. The undertaking was conditioned in the sum of $4,000 for the delivery of the property in question, "to the said plaintiff if such delivery be adjudged, and for payment to him the said plaintiff of such sum as may for any cause be recovered against the said defendant." Said action came on for trial before a jury, and a verdict was returned on March 29th, 1916, in plaintiff's favor for an immediate delivery to him of the property involved, and fixing the value of the property at $1,882. Judgment was entered pursuant to the verdict on August 5th, 1916, for the total sum in $1,897.

The plaintiff, Anderson, thereafter brought the present action to recover upon the redelivery bond.

The complaint sets forth the seizure of the property by the sheriff under the claim and delivery proceedings in the former action, the execution of the redelivery bond, the redelivery of the property to Phillips under the bond, and the trial, verdict, and judgment in the former action.

It is also alleged in the complaint that after the property was re-

delivered to Phillips, under the redelivery bond, he used the machinery during the fall of 1915, and also leased the threshing rig to others; that the machinery was at all times "permitted to remain without shelter, exposed to the weather," and was so injured and damaged by such use and exposure and its value so diminished that it has become and is impossible to return said property in substantially the same condition as when it was turned over to Phillips under the redelivery bond. It is further alleged that the property has not been returned, nor has a return thereof been offered to the plaintiff.

The defendants in their answer admit that they gave the redelivery bond, and that the property was redelivered to the defendant Phillips, thereunder. They also admit that verdict was returned and judgment entered in favor of Anderson and against Phillips in the former action as alleged in the complaint. They also admit that the property involved "was permitted to remain without shelter," as alleged in the complaint; but they deny that the property has been diminished in value, and that they are unable to return it in substantially as good condition as it was when it was delivered to Phillips under the redelivery bond, on July 8th, 1915.

The defendants also admit that the property has not been returned to the plaintiff Anderson; but in that connection they assert as an affirmative defense that the defendant Phillips has been ready and willing to deliver all of said property to the plaintiff Anderson, at all times, and that he offered to return such property on March 29th, 1916, and again on September 4th, 1916, and that the plaintiff refused to accept it. The only questions at issue were those presented by such affirmative defenses. These issues were submitted to a jury which returned a verdict in defendants' favor. The plaintiff thereafter moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion was denied, and plaintiff appeals.

On his motion for a new trial, and on this appeal, plaintiff assails the sufficiency of the evidence to sustain the verdict. It is contended that the evidence: (1) Fails to establish that the defendant ever made a sufficient tender of the property; (2) fails to establish that the property at the time of the alleged tenders was in substantially the same condition as when it was delivered to the defendant Phillips, under the redelivery bond; and, (3) that the evidence affirma-

tively and indisputably shows that the defendant Phillips, at all times after the rebond, and both before and after the alleged tenders, used and treated the property as his own; that he materially altered it and left it exposed to the weather, and that the property has so greatly depreciated in value and usefulness that it cannot be returned to the plaintiff in substantially the same condition as when it was delivered to the defendant Phillips, under the redelivery bond.

It is clear that questions relating to the condition of the machinery, and the alleged offers to return it, are questions for the jury, providing there is any evidence from which reasonable men could reasonably draw a conclusion in favor of either party. Whether there is such evidence is, however, a question of law for the court. For "in every case there is a preliminary question for the judge, whether there is evidence upon which a jury may properly proceed to find a verdict." State Bank v. Bismarck Elevator & Invest. Co. 31 N. D. 102, 106, 153 N. W. 459. As the trial courts are invested with wide discretionary powers in dealing with motions for a new trial based upon the ground of insufficiency of the evidence, the appellate courts are especially reluctant to interfere with the trial court's ruling on such motions. Hence, if there is any substantial evidence to support the verdict, it should not be disturbed; but, if there is no substantial evidence to sustain the conclusions upon which the verdict must rest, the verdict must be set aside and a new trial ordered.

The question which presents itself to us upon this feature of the case therefore is, whether there is any sufficient or substantial evidence to support the verdict. In other words whether the evidence presented is such that reasonable men might reasonably reach different ultimate conclusions with respect to the questions at issue. From a careful examination of the evidence we have reached the conclusion that in this case there is no substantial evidence upon which the jury could base its conclusions. In our opinion the verdict is not supported by the evidence, and the trial court erred in denying plaintiff's motion for a new trial on the ground of insufficiency of the evidence.

The only evidence of a tender or offer to return the property is as follows: According to the testimony of one of the defendants' attorneys, he had a conversation with the plaintiff, Anderson, on March

29th, 1916, after the jury's verdict had been returned. The conversation as related by the attorney is as follows:

"Well, just before the train left, or while we were waiting for the train in the depot, I saw Mr. Anderson there in the waiting room and I told him, 'Mr. Anderson,' I says, 'we are ready to quit now, can't we fix up a deal for you fellows to take up that property, we are ready to turn it over to you?' 'Well,' he says, 'it is spring now and I will have to go and look it over before I could take the property.' That is the best I can recollect of the conversation. Of course I don't remember every word, but that is the best I can remember of that conversation."

This conversation was denied by the plaintiff. And of course it would be a question for the jury to determine whose testimony was correct. But manifestly the conversation as related by defendants' attorney does not show either a tender or a refusal of property tendered. The very language used by defendants' attorney indicates a proposed compromise of the litigation and the return of the property to, and the acceptance thereof by, the plaintiff as a part of "the deal" to be fixed up, rather than any intention to offer a return of the property in extinguishment of the obligation existing under the redelivery bond.

The second offer to return upon which defendants rely was as follows: Plaintiff made an application for a general execution against the property of the defendant, Phillips, under the alternative provision of the judgment. The application was heard before the court at chambers at Devils Lake, on September 4th, 1916. Upon such hearing the attorney for the defendant, Phillips, stated that "the defendant would redeliver the property in question," and that thereupon plaintiff's attorney stated that it was too late to make such offer and that the plaintiff would insist upon the motion.

Under our statute "an obligation is extinguished by an offer of performance made in conformity to the rules" prescribed by law relative thereto, "and with intent to extinguish the obligation." Comp. Laws 1913, § 5800. But, "an obligation for the delivery of . . . . property . . . is not discharged by an offer of performance nor any of its incidents affected, unless the thing offered . . . is deposited for the creditor with some depositary of good repute at the

place of performance and notice of such deposit . . . given to the creditor." Comp. Laws 1913, § 5819. The obligation of the parties who signed the redelivery bond in this case is fixed by the provisions of that instrument, and under the evidence in this case such obligation has not been discharged.

As already stated the answer admits that the property has not been sheltered, but has remained exposed to the weather at all times since it was redelivered to the defendant Phillips. And the testimony clearly and indisputably shows that the machinery was permitted to stand, without absolutely any shelter of any kind, fully exposed to the elements. And it appears from the testimony of the witnesses for both the plaintiff and the defendants that at the time these witnesses examined the machinery the separator was so full of frozen snow that it was virtually impossible to examine it. It is conceded that Phillips used the engine and separator and also leased them to others for use in the fall of 1915. And Phillips admits that he used the separator in the fall of 1916, both before and after September 4th, 1916, on which date the last alleged offer to return the property was made. It would, to say the least, be unusual if machinery could be subjected to use and treatment such as that to which the machinery in question was subjected, and still remain in substantially as good condition as before. It seems that it would follow almost as a matter of course that there would be considerable deterioration in the quality and value of such machinery. It is true, Phillips claims to have made certain repairs of some of the machinery. The repairs, however, were of such nature as were rendered necessary in order that the machinery might be continued in use. The very fact that such repairs were required from time to time is of itself some evidence of the changed condition of the machinery. See Vallancy v. Hunt, 26 N. D. 611, 622, 145 N. W. 132.

The case was tried in the court below, and is submitted in this court, upon the theory that it was incumbent upon the defendants to "show a delivery or offer of delivery of the property within a reasonable time in substantially as good condition" as it was in at the time it was received under the redelivery bond. This is the rule announced by this court in Vallancy v. Hunt, 26 N. D. 611, 145 N. W. 132, and in our opinion the evidence in this case brings it squarely within the

rule announced in Vallancy v. Hunt, supra; for in our opinion there is no substantial evidence from which reasonable men could draw the conclusion that the defendant Phillips offered, or is able, to return the property to the plaintiff, in substantially the same condition in which it was when he received it.

It follows from what has been said that the plaintiff would have been entitled to a directed verdict, but no motion was made for a directed verdict. Hence, the district court properly denied the motion for judgment notwithstanding the verdict. Johns v. Ruff, 12 N. D. 74, 95 N. W. 440; West v. Northern P. R. Co. 13 N. D. 221, 100 N. W. 254. But the motion for a new trial on the ground of insufficiency of the evidence to sustain the verdict was improperly overruled. The order appealed from is therefore reversed, and the cause is remanded for further proceedings in conformity with this opinion.

GRACE, J. I concur in the result.

ROBINSON, J. (concurring specially). This is a suit to recover judgment against the defendants on a replevin bond or undertaking. The bond was made on July 8, 1915, in a suit by Oscar Anderson against S. L. Phillips. It recites that by virtue of an order and requisition duly made in said action, and to him directed, the sheriff of Towner County did on July 2, 1915, take from the defendant S. L. Phillips certain personal property described as follows:

One Acme Queen Binder, 8 ft. with trucks,

One Acme Giant mower, 5 ft. cut,

One Acme Lark rake,

One Deere & Webber wagon, gear $3\frac{1}{4}$,

One Rumely steel oil tank,

One wood water tank,

One Rumely Oil Pull Tractor, Type F,

One 18 H. P. Gaar Scott Engine No. 8929,

One Gaar Scott Separator 33″

One Singer Piano,

One red cow with white face.

Then it recites that Phillips desires a return of the property and in consideration of such redelivery the defendants herein did under-

take and promise and bind themselves in the sum of $4,000 for the redelivery thereof to the plaintiff. If such redelivery be adjudged and for the payment to plaintiff of such sum as may for any cause be recovered against said Phillips.

As admitted by the answer on August 5, 1916, it was by the district court duly adjudged that Oscar Anderson recover from said S. L. Phillips the said property and in case an immediate return could not be had, then that the plaintiff do have and recover the value of the same with interest and $52 costs, making the sum of $1,897. In this action the jury found a verdict for the plaintiff for $52 and interest from August 5, 1916. The plaintiff moved for a judgment as demanded in the complaint or for a new trial. The motion was denied and plaintiff appeals.

On the trial the defense was, as alleged in the answer, that on the entry of judgment defendant Phillips offered to return the property in substantially the same condition that it was when he received it from the sheriff, and the plaintiff refused to accept the property. Phillips had possession of the property from July 8, 1915 to August 5, 1916. He has never delivered it to the plaintiff. The complaint avers and the proof shows that during the year 1915, Phillips used the tractor and separator and leased the same to one or more persons; that he used the mower, the binder, the wagon and water tank, and left all of said property exposed to the weather without any shelter and that by such use and exposure, it was greatly damaged. The answer expressly admits that the property was exposed to the weather and permitted to remain without shelter.

John Anderson is a machine man. He examined the property when it was taken by the sheriff and again about the time of the trial and his testimony forcefully shows that by use and wear and exposure and loss of parts, the separator and the tractor were greatly damaged, and the value of the same reduced from one third to one half. He shows that when Phillips offered to return the property, the engine was not in working condition. The testimony of Agarand is to the same effect. It shows that the engine was used by Phillips and leased to two different parties and Phillips himself admits that he used and leased the engine and the separator. He claims that by making repairs on the property to the amount of $100, he kept it in good con-

dition. Such property as that described in the complaint is of a perishable nature. Its yearly depreciation is very great; even with good care, its ordinary depreciation is from ten to twenty per cent and with bad care or no care, it is much greater. It is needless to review the testimony. It is generally known to the farmers of the state and to all persons using such property, and the court must take notice of the fact, that during a year such property wears out and depreciates very much and especially when it is left without cover and subjected to the action of the sun and the winds, the rains and the snows, the heat and the cold.

Manifestly, at the time of the trial and at the time of the judgment, it was in no way possible for defendant Phillips to return the property in the same, or substantially the same condition, that it was when he received it. The court should have allowed the motion of plaintiff for judgment regardless of the verdict. Hence, the judgment of the district court should be reversed and the court should enter judgment to the effect that the plaintiff have and recover from the defendants $1,897, with interest at 6 per cent from the 5th day of August, 1916, and the costs of this action and of the appeal.