W. W. HORTON, Respondent, v. WRIGHT, BARRETT, & STILWELL COMPANY, Appellant.

(174 N. W. 67.)

**Appeal and error — rule of stare decisis — application of former decisions — necessity of motion for directed verdict or new trial in trial court to invoke review by supreme court.**

The rule of *stare decisis* is especially applicable to decisions on matters of procedure and practice. By applying this rule and following Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, and subsequent decisions of this court, it is *held* that where no ruling of the trial court as to the sufficiency of the evidence to support the verdict has been invoked, either by motion for a directed verdict or for a new trial, there is nothing for this court to review.

Opinion filed July 22, 1919.

From a judgment of the District Court of Ward County, *Leighton,* J., defendant appeals.

Affirmed.

*Greene & Stenerson,* for appellant.

Where a motion is not made for a directed verdict, or the sufficiency of the evidence to support the verdict is not challenged by motion for a new trial, this court will not inquire into the sufficiency of the evidence to sustain the verdict. However, that the appellant may not be foreclosed of a consideration of the merits, the facts will be reviewed. Morris v. Soo R. Co. 32 N. D. 366; Buchanan v. Elevator Co. 33 N. D. 350; Erickson v. Wiper, 33 N. D. 225; Freerks v. Nurnberg, 33 N. D. 595.

*F. B. Lambert,* for respondent.

"Where a motion is not made for a directed verdict, or the sufficiency of the evidence to support the verdict challenged by motion for a new trial, the sufficiency of the evidence to sustain the verdict cannot be raised for the first time on appeal and by an alleged specification of error to that effect served with the notice of appeal." Morris v. Soo, 32 N. D. 366, 165 N. W. 861; Buchanan v. Occident Elev. Co. 33 N. D. 350, 157 N. W. 346; Freerks v. Nurnberg, 33 N. D. 595, 157 N. W. 119; Swallow v. First State Bank, 35 N. D. 618, 161 N. W. 207; Erickson v. Wiper, 33 N. D. 225, 157 N. W. 592; Jenson v. Bowers, 37 N. D. 367, 164 N. W. 4; Cranmer v. Christian, 161 N. W. 1086.

"Record which does not show the grounds urged for a new trial will be dismissed on motion." People v. Lenon, 77 Cal. 308, 19 Pac. 521.

"Errors must be pointed out or they will not be considered in this court." French v. Lancaster, 2 N. D. 276.

"Where no assignments of errors are made on the record of the court, the court will direct an affirmance of the judgment; errors in judgment roll will not be considered unless assigned." Ricks v. Bergsucdnden, 8 N. D. 578.

"Errors must be assigned or they will not be reviewed." First Nat. Bank v. N. M. Bank, 5 N. D. 161. See 2 Hill's Dig. pp. 90, 91.

"Appellant's counsel having failed to assign errors in this court, the

judgment of the court below is affirmed. Supreme Court Rule, No. 15; O'Brien v. Miller, 4 N. D. 308.

PER CURIAM. Respondent has moved in the alternative that the appeal be dismissed or the judgment affirmed. The motion is made upon the ground that the only error assigned upon this appeal is that the evidence is insufficient to sustain the verdict; and that inasmuch as the sufficiency of the evidence was not challenged in the court below either by motion for a directed verdict, or by motion for a new trial, or at all, that question cannot be raised in this court. In support of the latter contention, respondent has cited the following decisions of this court: Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861; Freerks v. Nurnberg, 33 N. D. 587, 595, 157 N. W. 119; Buchanan v. Occident Elevator Co. 33 N. D. 346, 350, 157 N. W. 122, and Erickson v. Wiper, 33 N. D. 193, 225, 157 N. W. 592. No question has been raised as to whether the objection urged constitutes a valid ground for dismissal or affirmance. Both parties have filed briefs and presented oral argument upon the merits of the motion. Appellant concedes that the former (above cited) decisions of this court sustain the contentions of the respondent, and that if these decisions are adhered to there is nothing for this court to review on this appeal. But appellant contends that the construction which this court placed upon the 1913 Practice Act in the decisions above cited is erroneous, and that these decisions should be overruled. We are frank to admit that, if the question now presented was an original one, we would be inclined to agree with the appellant, and construe the 1913 Practice Act in accordance with the views expressed in the specially concurring opinion filed in Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 371, 372, 155 N. W. 861. But the question is not a new one. It has concededly been adjudicated in the several decisions cited above. The decision in Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. supra, was filed December 17, 1915, and rehearing therein was denied December 31, 1915. The records of this court show that the appeal in Freerks v. Nurnberg; Buchanan v. Occident Elevator Co. and Erickson v. Wiper, had been perfected and the records therein transmitted to this court before Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. was decided. The fact that the question involved has not been

raised in any subsequent case indicates that the procedure as established by the former decisions has been generally accepted and followed. The former decisions have also been referred to *arguendo* in disposing of other questions in the following late decisions: Swallow v. First State Bank, 35 N. D. 608, 618, 161 N. W. 207 (decided January 16, 1917), and Jensen v. Bowen, 37 N. D. 352, 367, 164 N. W. 4 (decided July 9, 1917). It should also be remembered that two sessions of the legislature have been held since the decision in Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. was announced.

Under the circumstances we deem the doctrine of *stare decisis* specially applicable in this case. "It is especially important for the proper and expeditious conduct of judicial business that the rules of practice and procedure should be stable. If these were subject to constant fluctuation, with the changing views of the judges, the greatest hardship and inconvenience would result. On the other hand, if these rules are well known and uniform, it is ordinarily easy to conform to them, and they could hardly be productive of any serious injury to individuals or their rights, even though founded on a mistaken conception of the law or an erroneous construction of a statute. Hence, it is an almost invariable rule to adhere to former decisions settling the rules of procedure, when they are generally known and acted on, and when they have been established for such a length of time as to make a change injudicious, even though it may have become apparent that they were wrongly decided, or although the court would have reached a different conclusion if the case were before it for the first time." Black, Judicial Precedents, pp. 194, 195.

It follows from what has been said that the judgment in this case must be affirmed. It is so ordered.

GRACE, J. I dissent.

ROBINSON, J. I do strenuously dissent to the building of error upon error. I concur in the result, but not in the reasoning or the *stare decisis*.