W. E. GROSS, Appellant, v. HARRY MILLER and Ida Miller, Respondents.

(200 N. W. 1012.)

**Judgment — motion for directed verdict necessary preliminary to motion for judgment notwithstanding.**

A motion for a directed verdict is a necessary preliminary to a motion for judgment notwithstanding the verdict.

Opinion filed November 17, 1924.

Judgments, 33 C. J. § 114 p. 1185 n. 52.

Appeal from the District Court of Ward County, *Lowe,* J.

Reversed.

*McGee & Goss,* for appellant.

*John J. Coyle,* for respondents.

NUESSLE, J. This action was brought to recover on a promissory note. The complaint was in the usual form. The defendants answered admitting the execution and delivery of the note, pleading payment thereof, and further counterclaiming for money had and received. To this answer, and counterclaim, the plaintiff replied. The cause came on for trial to a jury. During the course of the trial, the defendants moved to dismiss the counterclaim, which motion was granted. Defendants then moved to strike the reply. This motion also was granted, over the objection of the plaintiff. At the close of the whole case, the plaintiff moved for a directed verdict. The motion was granted and a verdict was returned accordingly. Judgment was entered thereon. The defendants made no motion for a directed verdict, nor did they in any way, challenge the sufficiency of the evidence, to support a verdict against them. Subsequently, however, after the entry of the judgment on the verdict as returned, the defendants moved for judgment notwithstanding the verdict, basing their motion on the insufficiency of the evidence. This motion was granted by the court, who, thereafter, made findings of fact and conclusions of law, and ordered judgment for the defendants. Judgment was entered upon this order. From such judg-

ment and the order on which it was entered, the plaintiff now brings this appeal to this court.

Plaintiff, on this appeal, assigns error on account of the action of the court in ordering judgment notwithstanding the verdict; on account of the court's making findings of fact and conclusions of law; and on account of various rulings of the court during the course of the trial. The plaintiff first contends that the trial court erred in entertaining the motion for judgment notwithstanding the verdict and ordering such judgment; that under the statute and the decisions of this court, there was no foundation for such motion because the sufficiency of the evidence had not been challenged by motion for directed verdict at the close of the case. We think that this contention of the plaintiff is well grounded and that the motion for judgment notwithstanding the verdict should have been denied. A motion for a directed verdict is a necessary preliminary to a motion for judgment notwithstanding the verdict. See chap. 335, Laws 1923; Johns v. Ruff, 12 N. D. 74, 95 N. W. 440; West v. Northern P. R. Co. 13 N. D. 221, 100 N. W. 254; Satterlee v. Modern Brotherhood of America, 15 N. D. 92, 106 N. W. 561; Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 156 N. W. 234; Anderson v. Phillips, 40 N. D. 586, 169 N. W. 315; Carson State Bank v. Grant Grain Co. 50 N. D. 558, 197 N. W. 146. Thus holding, it is unnecessary to consider the various other assignments of error relied upon by the plaintiff. The judgment appealed from must be reversed and the judgment entered on the verdict re-instated. It is so ordered.

BRONSON, Ch. J., and JOHNSON, CHRISTIANSON, and BIRDZELL, JJ., concur.