This is an action wherein the plaintiff seeks to charge the defendants, Klamann, as makers, and A.O. Brown as indorser of a promissory note. The defendants, George Klamann and Esther Klamann, defaulted. The defendant, Brown, answered, setting up *Page 868 
that he was an accommodation indorser for the plaintiff. The case was tried and the jury found for the defendant Brown, judgment being entered on February 2d 1926. On May 7th, 1926, the plaintiff served a motion for judgment notwithstanding the verdict or for a new trial. This motion was heard and on the 3rd day of August, 1926, it was denied. No motion for a directed verdict was made at the close of the defendants' case, nor did the motion for a new trial, which was made on May 7th, specify the insufficiency of the evidence as ground for a new trial. This motion was based solely upon alleged errors in the admission and exclusion of evidence and in the charge to the jury.
The defense in this case is that Brown was an accommodation indorser for the plaintiff. This is a good defense and the defendant had the right to introduce proof to substantiate the same.
"The party for whose accommodation a note is executed is not entitled to recover from the accommodation party thereon." This is the rule laid down in First State Bank v. Kelly, 30 N.D. 84, 98, 152 N.W. 125, Ann. Cas. 1917D, 1044, and is an elementary rule in negotiable instruments.
It is a well settled rule in this jurisdiction that the sufficiency of the evidence cannot be reviewed on appeal unless such sufficiency was challenged by a motion for a directed verdict or by motion for a new trial in the court below. See Rokusek v. National Union F. Ins. Co. 50 N.D. 123, 195 N.W. 300, and Morris v. Minneapolis, St. P. S. Ste. M.R. Co. 32 N.D. 366, 155 N.W. 861; Bailey v. Davis, 49 N.D. 838, 193 N.W. 658. In the case of Horton v. Wright, B. S. Co. 43 N.D. 114, 174 N.W. 67, this rule of practice has been confirmed by this court and the rule in the Morris case upheld. As stated in the Horton case, supra, such rules should not be "subject to constant fluctuation with the changing views of the judges." Rules which are generally known and acted on, and have been established for such a length of time as to make a change injudicious, should be adhered to. We are, therefore, not in position to examine and review the evidence in this case.
The errors laid down in the charge to the jury refer to the statements of the court as to who are accommodation parties and their rights and liabilities. It is not claimed that the law stated is not correct as an abstract proposition. It is claimed that under the evidence in the case *Page 869 
these instructions were not proper. These instructions consist of quotations from the statute. The court quoted §§ 6319, 6914, 6949, 6651 and 7075, Comp. Laws 1913. The answer raises squarely the issue as to whether Brown was an accommodation maker for the plaintiff, and these sections define what is an accommodation maker — the difference between an indorser and a guarantor, and the rights and liabilities of an agent. The answer set forth that "the plaintiff made this answering defendant his agent to make certain collections for him and to look after some lands belonging to the plaintiff (?) [defendant] Klamanns, and at the request of the plaintiff this answering defendant was asked to place his name upon the back of the note for collection only for the plaintiff and that the same was without any consideration whatsoever, and was done specially with the understanding that it was not an indorsement in fact, but was for the one purpose of collection only." Thus the answer raises the question of agency and accommodation indorser. The court, therefore, was right in charging on these issues, and as we cannot and do not review the evidence it cannot be said there was error in so charging. The judgment therefore is affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.
 On Petition for Rehearing.