L. R. BAIRD, as Receiver of the Farmers State Bank of Garrison, Garrison, North Dakota, Respondent, v. E. G. STEPHENS and Otto Schneider, Doing Business as Schneider Elevator Company, Appellants.

(228 N. W. 212.)

Opinion filed December 6, 1929.

*Hugh H. McCulloch, W. C. Cull* and *Hyland & Foster,* for appellants.

*Zuger & Tillotson,* for respondent.

CHRISTIANSON, J. This is an action to recover damages for the alleged conversion of certain flax and wheat in which the plaintiff claimed a special property as a mortgagee. The case was tried to a jury and resulted in a verdict in favor of the plaintiff. Defendants moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion was denied and the defendants appeal from the judgment and from the order denying the motion for judg-

ment notwithstanding the verdict. The principal ground urged by the appellants for a reversal of the judgment is that the evidence is insufficient to sustain the verdict in this, that the evidence shows that the mortgagor owned and operated a farm consisting of certain lands described in the chattel mortgage and certain additional adjoining lands and that the grain produced on the lands described in the mortgage, as well as on the land adjoining, not covered by the mortgage, were threshed at the same time and placed in the same bin, and that consequently the grain received by the defendants from the mortgagor consisted in part of grain not subject to plaintiff's mortgage and that the evidence is not sufficiently definite to warrant a finding by the jury as to the exact amount of mortgaged grain the defendants received.

Respondent however asserts that the sufficiency of the evidence is not involved and cannot be considered on this appeal. In support of this contention respondent's counsel call attention to the fact that the record discloses that there was no motion for a directed verdict; that no error is assigned upon the denial of the motion for a new trial, and that the appeal does not purport to be taken from the order of the trial court denying such motion. The record discloses the facts to be as so asserted by respondent's counsel; and we are agreed that, under the rule established by repeated decisions of this court, the sufficiency of the evidence cannot be considered on this appeal. It is the established law in this jurisdiction that a motion for a directed verdict is a necessary prerequisite to a judgment notwithstanding the verdict; and that where there is no motion for a directed verdict there is no error in denying a motion for judgment notwithstanding the verdict. Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 36, 156 N. W. 234; Carson State Bank v. Grant Grain Co. 50 N. D. 558, 197 N. W. 146; Gross v. Miller, 51 N. D. 755, 200 N. W. 1012. See also § 7643, Supp. It is likewise settled by numerous decisions of this court that the sufficiency of the evidence cannot be raised in this court unless that question was raised in the trial court, either by motion for a directed verdict or by motion for a new trial, and the ruling or rulings on such motion or motions is assigned as error on appeal. Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861; Freerks v. Nurnberg, 33 N. D. 587, 157 N. W. 119; Buchanan v. Occident Elevator Co. 33 N. D. 346, 157 N. W. 122; Erickson v.

Wiper, 33 N. D. 193, 157 N. W. 592; Horton v. Wright, B. & S. Co. 43 N. D. 114, 174 N. W. 67; Bailey v. Davis, 49 N. D. 838, 193 N. W. 658; Rokusek v. National Union F. Ins. Co. 50 N. D. 123, 195 N. W. 300; Veum v. Stefferud, 50 N. D. 371, 196 N. W. 104; Jacobson v. Klamann, 54 N. D. 867, 211 N. W. 595; Olson v. Great Northern R. Co. 56 N. D. 690, 219 N. W. 209. Under the rule established by these decisions it is clear that the question of the sufficiency of the evidence is not involved and that this court may not consider the same on this appeal.

Error is also assigned upon rulings in the admission of evidence. The rulings complained of involve certain testimony offered as to the value of the grain. The case was tried at Washburn, the county seat of McLean County. The elevator of the defendants, where the grain in suit was received and the alleged conversion took place, is situated at Garrison, in the same county. Both cities are located on the same line of the Minneapolis, St. P. & S. Ste. M. R. Co. railway, and are about thirty-two and one-half miles distant from each other. One Bibelheimer was called and testified as a witness in behalf of the plaintiff. Bibelheimer testified that he had been in the grain business for fifteen years; that he is a grain buyer, operating an elevator for the Washburn Grain Co., at Washburn; that he operated such elevator at the time the alleged conversion of the grain in suit took place and has continued to operate it since that time. Bibelheimer further testified that he had examined his records as to prices paid for grain at the times involved in this controversy; that these records consisted of the regular grain trade price cards received through the Grain Bulletin, issued at Minneapolis. Bibelheimer further testified as to the market value of the kind and grade of grain mentioned in the scale tickets issued by the defendant elevator company for the wheat and flax in question here. It is contended that the witness was incompetent to testify and that his testimony was inadmissible. The contention is not well-founded. The testimony of the witness showed that he was engaged in the grain business during all the times in controversy and was thoroughly familiar with grain prices. He testified that the freight rate from Washburn and Garrison to the terminal markets was the same, and that usually the "card" market price was the same in both cities. We are wholly agreed that the witness Bibelheimer was a com-

petent witness and that his testimony was properly admitted. Supplement to 1913 Compiled Laws, § 3125b3.

Certain assignments of error are predicated upon the instructions to the jury. These assignments are not supported by argument and under well settled rules might well be deemed waived. We have, however, considered them and are unable to discover any error in the instructions complained of.

It is also contended that the jury was guilty of misconduct. This assignment is predicated upon the following facts: The jury, after some deliberation, returned a verdict in favor of the plaintiff wherein no amount was specified, but which merely provided that the plaintiff was entitled to recover the value of the grain in suit at the price quoted in the market. Upon the presentation of this verdict a colloquy was had between the court and the foreman of the jury wherein the foreman indicated that there had been, and was, some difference of opinion among the jurors as to whether, under the instructions, the jury should return a verdict for a definite amount or merely specify the price which the plaintiff should be paid for the grain. During this colloquy the foreman stated that he even "went so far as to consult the bailiff if there was a chance to get information" and that the bailiff answered that the only way was to take the matter up with the court. There is no contention, and no basis for a contention, that the foreman informed the bailiff as to what subject the jury desired further information upon, or that there was any communication between the bailiff and the jurors which is inhibited by law or which could possibly have prejudiced the defendants. Obviously it was entirely proper for the foreman of the jury to suggest to the bailiff that the jurors desired to obtain further instruction from the court, and this is in effect what was done. Upon the record here it appears rather that the jury, instead of disregarding their duties, were anxious to receive proper information upon questions concerning which they were in doubt so that they might perform their duties properly. After the colloquy between the trial court and the foreman of the jury, the court gave further instructions, the correctness of which is not questioned, and the jury retired for further deliberation and later returned a verdict assessing damages in favor of plaintiff in a definite sum.

It follows from what has been said that the judgment and order appealed from must be and they are affirmed.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.