[File No. 6687.]

CHARLES H. LUECK and Herman Lueck, Respondents, v. STATE
OF NORTH DAKOTA, Doing Business as Hail Insurance De-
partment and Oscar E. Erickson as Commissioner of Insurance of
the State of North Dakota, Appellants.

(296 N. W. 917.)

Opinion filed March 8, 1941.

*W. J. Austin,* Special Assistant Attorney General (*B. F. Tillotson*
of counsel), for appellants.

*Asmundur Benson,* for respondents.

PER CURIAM. This is an appeal from a judgment entered in favor of the plaintiffs pursuant to a verdict of a jury.

The defendant did not move for a directed verdict and made no motion for a new trial. The specifications of error on appeal state,

"(1) That the verdict is against the law in that undisputed evidence discloses Plaintiffs' crops were materially damaged before the effective date of the insurance.

"(2) That the Court erred in ordering that Judgment be entered in favor of the Plaintiffs and against the Defendants.

"(3) That the Court erred in making and entering Judgment herein in favor of the Plaintiffs and against the Defendants."

The appellant does not attempt to raise any question as to the rulings on evidence or the instructions of the trial court. The sole challenge is directed at the sufficiency of the evidence to sustain the verdict.

The record that comes before us in this case is such that we cannot consider the sufficiency of the evidence. The rule has long been established in this state that the trial court must have an opportunity to pass upon the sufficiency of the evidence to support a verdict of a jury before that sufficiency can be challenged in this court upon appeal.

"It is the established law in this jurisdiction that a motion for a directed verdict is a necessary prerequisite to a judgment notwithstanding the verdict; and that where there is no motion for a directed verdict there is no error in denying a motion for judgment notwithstanding the verdict. Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 36, 156 N. W. 234; Carson State Bank v. Grant Grain Co. 50 N. D. 558, 197 N. W. 146; Gross v. Miller, 51 N. D. 755, 200 N. W. 1012. See also § 7643, Supp. It is likewise settled by numerous decisions of this court that the sufficiency of the evidence cannot be raised in this court unless that question was raised in the trial court, either by motion for a directed verdict or by motion for a new trial, and the ruling or rulings on such motion or motions is as-

signed as error on appeal. Morris v. Minneapolis, St. P. & S. `Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861; Freerks v. Nurnberg, 33 N. D. 587, 157 N. W. 119; Buchanan v. Occident Elevator Co. 33 N. D. 346, 157 N. W. 122; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Horton v. Wright, B. & S. Co. 43 N. D. 114, 174 N. W. 67; Bailey v. Davis, 49 N. D. 838, 193 N. W. 658; Rokusek v. National Union F. Ins. Co. 50 N. D. 123, 195 N. W. 300; Veum v. Stefferud, 50 N. D. 371, 196 N. W. 104; Jacobson v. Klamann, 54 N. D. 867, 211 N. W. 595; Olson v. Great Northern R. Co. 56 N. D. 690, 219 N. W. 209. Under the rule established by these decisions it is clear that the question of the sufficiency of the evidence is not involved and that this court may not consider the same on this appeal." Baird v. Stephens, 58 N. D. 814, 228 N. W. 212.

In Security Trust Co. v. New Rainbow Cafe, 66 N. D. 1, 262 N. W. 186, we said: "An examination of the record discloses that there was no motion for directed verdict by the plaintiff. In no manner at any time prior to verdict and judgment or until this appeal was perfected did the plaintiff challenge the sufficiency of the evidence to sustain a verdict in favor of the defendants. Under these circumstances the evidence will not be reviewed to determine whether or not it is sufficient. The question of the sufficiency of the evidence to sustain a verdict cannot be raised on appeal in the absence of a motion for directed verdict or a motion for a new trial."

This same rule was again stated and followed in Cary Mfg. Co. v. Ferch, 67 N. D. 603, 275 N. W. 255.

On the record as presented by this appeal, the verdict of the jury is conclusive and the question of the sufficiency of the evidence to support it cannot be reviewed by this court.

Affirmed.

BURR, Ch. J., and MORRIS, CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.