Victor SOBOLIK and Lucy Sobolik, his wife,
Plaintiffs and Respondents,

v.

Tim VAVROWSKY, Sr., and Louis Houska,
Jr., Defendants and Appellants.

No. 8268.

Supreme Court of North Dakota.

Dec. 1, 1966.

Dahl, Dahl & Greenagel, Grafton, for plaintiffs and respondents.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for defendants and appellants; Lor-

ene Whitesides Larson, Park River, of counsel.

STRUTZ, Judge (on reassignment).

The Herschbergers, owners of certain farm lands in Walsh County, decided to sell a portion of their real estate holdings, and entered into an option agreement with the defendant Houska, a real estate broker, to secure a buyer for the same. Houska, in turn, secured the services of the defendant Vavrowsky to assist him in making a sale. The plaintiff Victor Sobolik was looking for a farm, and contacted the defendant Vavrowsky in regard to purchasing the Herschberger land. After a few preliminary contacts in regard to this land, the plaintiffs were interested to the extent that they went to inspect the land on several occasions. Eventually, they entered into a contract for deed with the Herschbergers, the plaintiffs' attorney preparing the agreement. At the time of the execution of the contract for deed, the plaintiffs made a down-payment of $1,000 on the purchase price.

Some time after the contract for deed had been executed by the buyers and all of the sellers, the plaintiffs contacted the sellers and advised them that certain misrepresentations had been made by the defendant brokers which had induced them, the plaintiffs, to sign the contract for deed and that, having discovered such misrepresentations, the plaintiffs were seeking to be released from the contract. They contended that one of the real estate brokers had falsely advised them that the yield on this land for the years 1959 and 1960 had averaged forty-five bushels per acre on the allotted wheat acreage, whereas the county average was twenty-six or twenty-seven bushels per acre. They further claimed that one of the brokers had told them that they had an offer of $5,000 cash rental per year for the land described in the contract, and that they had discovered that such representation was untrue.

It appears that the plaintiff Victor Sobolik was an experienced farmer, and whether the production of wheat on the land or the statement of cash rent for the land was material, was a question of fact.

The sellers, on learning of such alleged misrepresentations, signed a release with the plaintiffs, by the terms of which the buyers and the sellers were given mutual releases from the contract for deed. Although the release as executed fully set out the terms of the release, and specifically provided that both vendors and vendees were released from any and all liability and obligation under the contract for deed, no mention or provision was made in such release for a refund of the down-payment.

After the plaintiffs had secured the release from the sellers, they made demand upon the real estate brokers for a return of the down-payment. This demand was refused. The plaintiffs then started an action against the broker Vavrowsky for the down-payment. The complaint was for money had and received. The defendant Vavrowsky filed his answer, after which the plaintiffs made a motion for summary judgment. This motion was denied, the court pointing out that the effect of the rescission presented an issue of material fact; that there is no rule of law which requires that restitution shall be made, or shall not be made, when an earlier contract is rescinded; and that this question must be determined on the facts in each case.

Thereafter, the plaintiffs served an amended complaint in which both real estate brokers were named as defendants. This amended complaint was also for money had and received. Still later, the plaintiffs served a further amended complaint in which the two brokers, and all of the sellers, were made parties defendant. The second amended complaint contained a paragraph alleging that, during the negotiations prior to the execution of the contract for deed—

"* * * the defendant Vavrowsky made certain representations to the plaintiff

and based on these representations the plaintiff and the defendants Herschbergers entered into a Contract for Deed * * *."

This second amended complaint had a further allegation to the effect that, upon investigation, the plaintiffs found some of the representations made by the defendant Vavrowsky to be false.

At the close of the plaintiffs' case, the trial court dismissed the complaint against the Herschbergers, as the sellers of the land, and submitted the case to the jury as against the brokers Vavrowsky and Houska. The jury was asked to bring in a special verdict in the form of answers to special interrogatories. The jury returned such special verdict, the answers to the special interrogatories stating that the defendants, with intent to induce the plaintiffs to enter into a contract for deed, had represented to the plaintiffs as facts certain assertions which were untrue; that the plaintiffs relied on such statements in entering into the contract for deed. On return of the special verdict by the jury, the trial court ordered judgment to be entered in the sum of $1,000, the amount of the down-payment.

The defendants Vavrowsky and Houska thereupon made a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied by the trial court, and the defendants have appealed to this court from the order denying the motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, and from the judgment entered on the verdict.

Numerous issues are raised on this appeal by the defendants' specifications of error, and we will discuss such of these as are necessary for a determination of the case, although such consideration will not necessarily be in the order in which the issues are set forth in the defendants' specifications of error.

■ Did the trial court err in denying the defendants' motion for judgment not-

withstanding the verdict? The record discloses that no motion for a directed verdict was made by the defendants at the close of the evidence. This court has repeatedly held that where there is no motion for a directed verdict, it is not error to deny a motion for judgment notwithstanding the verdict. Lueck v. State, 70 N.D. 604, 296 N.W. 917; Gross v. Miller, 51 N.D. 755, 200 N.W. 1012; Carson State Bank v. Grant Grain Co., 50 N.D. 558, 197 N.W. 146. Thus it is obvious that the trial court properly denied the defendants' motion for judgment notwithstanding the verdict.

■ The next issue which we will consider is whether the court erred in dismissing the complaint as to the sellers of the land. An examination of the release signed by the buyers and the sellers discloses that the plaintiffs released, relinquished, and quitclaimed to the sellers—

"* * * any and all right, title, interest or demand, possessed or claimed by the Vendees in or to the property covered by such contract * * *."

It further provided that each of the parties to the release—

"* * * releases the other party from any claim arising by reason of the breach or alleged breach or conduct or activity resulting in the breach or alleged breach of any of the terms or provisions of said contract."

No mention is made in the release of a refund of the $1,000 paid by the buyers on the contract. But the instrument released the sellers from any demand under the contract, which would include a demand for the down-payment which had been made. The trial court therefore correctly ruled that the plaintiffs had no further cause of action against the sellers after they had signed the release. The defendants' specification of error that the trial court erred in dismissing the action against the sellers therefore is without any merit.

The next issue to be considered on this appeal is whether buyers of real estate from known sellers, who have entered into a written contract with such sellers to purchase land by contract for deed, and who, as part of the contract, make a down-payment on the purchase price, are entitled to recover such down-payment in a suit against the sellers' agent or broker after a written release of the contract for deed has been executed between the buyers and the sellers, where such release specifically provides that both buyers and sellers are released from any liability and obligation under the contract, and where no provision is made in such release for a refund of the down-payment.

 The money paid as down-payment on the contract for deed was, by the terms of the contract, paid to the sellers and was to be applied on the purchase price due under the contract. As a general rule, money paid to an agent or broker of a known principal is paid to the principal. As stated in 3 Am.Jur.2d, "Agency," Section 304, page 664—

"As a general rule, money paid an agent for the benefit of a known principal, to be returned to the payor upon non-performance of certain conditions, cannot, when the payor becomes entitled to its return, be recovered from the agent since the question whether the payor is entitled to the money is one that does not concern the agent, but is between the payor and the principal."

The plaintiffs contend, however, that they are entitled to recover the down-payment from the brokers, even though no right of recovery exists against the sellers, because the brokers fraudulently represented that the wheat yield from the land for the years 1959 and 1960 was forty-five bushels per acre, far above the county average; that this false statement constituted fraud for the reason that if it had been true the plaintiffs would have been entitled to far higher government benefit payments than they would receive if such payments were based on the county average. Plaintiffs further claim they were told that an offer of $5,000 cash rental for the land had been received by the owners, which statement was false.

As heretofore pointed out, the original complaint was for money had and received. The second amended complaint, however, on which the case was tried, had allegations to the effect that the defendant Vavrowsky had made certain representations to the plaintiffs and that, based on these representations, the plaintiffs had entered into the contract to buy the land. Under the present rules of practice in North Dakota, no technical forms of pleading are required. Generally, a complaint needs only to contain a short and plain statement of the plaintiff's claim. Rule 8(a), N.D.R.Civ.P.

Our rules do clearly provide, however, that where fraud is relied upon, as in this case, the circumstances constituting the fraud "shall be stated with particularity." Rule 9(b), N.D.R.Civ.P.

 Thus general allegations are insufficient, and enough facts must be set out in the complaint to apprise the adversary of what acts are being relied upon as constituting fraud.

We have not had occasion to pass on the rule in question since the North Dakota Rules of Civil Procedure became effective on July 1, 1957. But this rule was taken verbatim from the Federal Rules of Civil Procedure, and Rule 9(b) of those rules is identical with our Rule 9(b). Under this rule, Federal courts have held that the facts constituting fraud must be definitely and particularly alleged. Independence Lead Mines Co. v. Kingsbury, 9 Cir., 175 F.2d 983, cert. denied 338 U.S. 900, 70 S.Ct. 249, 94 L.Ed. 554 (1949); Mayflower Hotel Stockholders Protective Committee v. Mayflower Hotel Corp., D.C., 73 F.Supp. 721, rev'd on other grounds 84 U.S.App.D.C. 275, 173 F.2d 416 (1949).

It has been held that fraud will never be presumed and must be alleged, not as a legal conclusion but as a fact, the proof of which would destroy the principal motive for making the contract invalid in the lawsuit. Tennessee Gas Transmission Co. v. Bayles, 74 F.Supp. 258 (D.C. 1947).

General allegations of fraud are insufficient, and enough facts must be set out to apprise the adversary what fraudulent acts are charged. Hirshhorn v. Mine Safety Appliances Co., 54 F.Supp. 588 (D.C.1944).

Thus it is clear that the allegations of plaintiffs' second amended complaint, on which this action was tried, did not sufficiently apprise the defendants of what acts of fraud were being charged, to satisfy the provisions of Rule 9(b), North Dakota Rules of Civil Procedure. This is true even in the light of Rule 8(a) (1), which provides that no technical forms of pleading are required and that a pleading shall set forth a short, plain statement of the claim showing that the pleader is entitled to relief.

But the defendants did not make any motion to require more detailed allegations. Instead, they filed their answer in which they specifically denied any false representations. And they did more. They tried the entire case on the theory of fraud, without any objection to evidence being introduced by the plaintiffs of claimed fraudulent representations under the allegations which were contained in the plaintiffs' second amended complaint. Where issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. Such amendments as may be necessary to cause the pleadings to conform to the evidence produced may be made upon motion of any party at any time. Rule 15(b), N.D.R.Civ.P.

While it is true, as argued by the defendants, that where parties to a contract cancel the same, and specifically set out in the agreement to cancel the terms and conditions for such cancellation [92 C.J.S. Vendor and Purchaser § 550-a, at p. 552], the purchaser has only such rights to be returned to a position of status quo as may be given to him in such written agreement to cancel, the present appeal involves the action brought and tried—not against the sellers, as parties to the contract and the agreement to cancel that contract, but against the brokers, whose actions resulted in such cancellation. Under such circumstances, where the action is for fraud, a broker is liable for money so paid. In 3 Am.Jur.2d, "Agency," Section 302, at page 663, we read:

" * * * a known agent who, by his own fraud, mistake, or wrongful act, induces an innocent person to pay over money to him for his principal, is liable for money so paid notwithstanding he may have paid the money to his principal."

In this case, neither side demanded a jury trial, as required by Rule 38(b), North Dakota Rules of Civil Procedure. In fact, the parties stipulated in writing that the case be tried to the court without a jury. The court, however, submitted the issue of fraud to the jury. He did not request the jury to return a general verdict and determine the amount due. Under these circumstances, where the case is tried on the theory of fraud, and where evidence is introduced without objection to support that theory, and where the court, without objection, submits a special verdict to the jury, and the jury in its special verdict finds fraud, the fact that the complaint failed to comply with the provisions of Rule 9(b) of the North Dakota Rules of Civil Procedure will not be ground for setting aside the verdict against the brokers. An agent or broker who, by his fraud, has induced a buyer to pay over money to him for his principal, is liable for the money so paid. Thus the contention of the defendants that a portion of the down-payment has been paid to the sellers—if that is a

fact—is not ground for holding that the verdict and the judgment are not supported by the evidence.

■ In this case, the jury was instructed to bring in a special verdict in the form of special findings upon several issues of fact. The issue of the amount due was not submitted to it, but was determined by the court after the jury had brought in its verdict on the issue of fraud.

The defendants have demanded trial de novo on all issues not submitted to the jury. That includes the issue of the amount due as determined by the court. We find that, under the special verdict and the evidence, the finding of the court on the amount due was right.

Certain other assignments of error are specified, predicated upon rulings in the admission of evidence and upon the court's instructions to the jury. It is unnecessary to review these at length. Most of them have been disposed of or are rendered immaterial by what we have said in this opinion. All specifications have been considered carefully. No prejudice to either of the defendants could have resulted from any of the matters complained of. They are found to be without merit.

It follows that the order and the judgment of the district court must be affirmed. They are so affirmed.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.